·CASE 16—PETITION ORDINARY—JUNE 15.

# Riggs, &c., vs. Maltby & Co.

### APPEAL FROM BRACKEN CIRCUIT COURT.

1. It has been repeatedly held that a petition is fatally defective, upon demurrer, unless it sets out, either in terms or in substance, the contract for a breach of which the action is brought; that if the action is founded on a writing it must be filed and referred to, and so much of it set forth as will show that the plaintiff, by reason of the alleged acts or omissions and of those on the part of the defendant, is entitled to an action and to relief. (14 B. Mon., 86; Ib., 254.)

2. It has long been a well settled rule of practice that defective allegations of the plaintiff's pleadings may be supplied and cured by the answer of the defendant; and there is nothing in the Code of Practice which can be construed as abrogating or modifying the rule. (13 B. Mon., 466, and subsequent cases.) The doctrine inculcated by the whole spirit and tenor of the Code is, that verdicts and judgments which have been rendered upon substantial issues of fact, fairly presented by the pleadings, should not be disturbed on account of mere technical defects not affecting the merits of the controversy. (Civil Code, sec. 161.)

3. See the opinion for a case in which it is held that the petition was insufficient, but that the defect was cured by the answer, the verdict and judgment, and the omission to rely upon it in any form in the circuit court.

JOHN N. FURBER, for appellants, cited 14 B. Mon., 86, 87 ; Ib., 253–4.

Jos. DONIPHAN for appellees.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Maltby & Co. brought this action on a bond of indemnity executed by Wood & Co. The bond, after reciting that the sheriff had levied an execution in favor of Wood & Co. against

Ballenger, on a.crop of tobacco, and that a bond of indemnity had been required, stipulates that the obligors will indemnify the sheriff against any loss he may sustain in consequence of the sale of the tobacco ; "also, to pay to any claimant of the tobacco the damages which he may sustain in consequence of the seizure or sale of the tobacco," &c.

The plaintiffs set out in the petition their title to the tobacco, under a previous purchase from Ballenger; allege that it was levied upon by the sheriff, who demanded a bond of indemnity, which was executed by Wood & Co., "and which is dated the 4th of November, 1857, and filed in the clerk's office of the Bracken circuit court; to a copy of which plaintiffs refer, and file as part of this petition." The petition fails to set out the terms and stipulations of the bond, or the breach of them.

It has been repeatedly decided by this court that a petition is fatally defective, upon demurrer, unless it sets out, either in terms or in substance, the contract for a breach of which the action is brought; that if the action is founded on a writing it must be filed and referred to, and so much of it set forth as will show that the plaintiff, by reason of the alleged acts or omissions on his part, and of those on the part of the defendant, is entitled to an action and to relief. (*Hill, &c., vs. Barrett, &c.,* 14 *B. Mon.,* 86 ; *Collins vs. Blackburn, Ib.,* 254.)

In view of these authorities, it is clear that the petition in this cause is defective, and must have been so decided upon demurrer. But no objection to the sufficiency of the petition was taken, either by demurrer or by the answer of the. defendants. So far from this, the answer admits, in express terms, that the tobacco was levied upon and sold under the execution, and that the defendants executed the bond of indemnity, as alleged in the petition. But they allege that the tobacco so levied on and sold was the property of Ballenger, and was subject to sale under their execution; and that the pretended sale of the tobacco by Ballenger to the plaintiffs was a fraudulent device, resorted to for the purpose of hindering and delaying the defendants and other creditors in the collection of their debts.

VOL. 2—12.

Such was the defense exclusively relied upon by the defendants; and upon the issues of fact thus formed by the pleadings the parties went to trial, and there was a verdict for the plaintiffs.

The defendants made no motion in arrest of judgment; and in their motion for a new trial they failed to suggest, as one of the grounds, the defect in the petition now relied upon.

Does not this objection, now for the first time urged, come too late; and is not the defect in the pleading cured by the answer, the verdict and judgment, and the omission to rely upon it, in any form, in the court below? These questions must be answered affirmatively.

It is true that by the Code of Practice, (sec. 123,) all objection to the petition shall be deemed to have been waived by the failure of the defendant to take the objection by demurrer or answer, "except only the objection to the jurisdiction of the court over the subject of the action, and the objection that the petition does not state facts sufficient to constitute a cause of action." But it has long been a well settled rule of practice that defective allegations of the plaintiff's pleading may be supplied and cured by the answer of the defendant; and there is nothing in the Code of Practice which can be construed as abrogating or modifying the rule. On the contrary, it was expressly recognized by this court, in the case of *Fible vs. Caplinger*, (13 *B. Mon.*, 466,) and in subsequent cases. And the doctrine inculcated by the whole spirit and tenor of the Code is, that verdicts and judgments which have been rendered upon substantial issues of fact, fairly presented by the pleadings, should not be disturbed on account of mere technical defects not affecting the merits of the controversy. "The court must, in every stage of an action, disregard any error or defect which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." (*Civil Code, sec.* 161.)

The court committed no error in giving and in refusing instructions to the jury.

The judgment is affirmed.