## A. C. Thomas, etc., *v.* Commonwealth, etc.

**Taxation—Tax Collector—Liability on Bond.**

In an action on a sheriff's bond as tax collector, the surety can not be held liable for defalctation of the sheriff, where a copy of the bond is filed, but it is not set out in terms or substance in the petition, it being alleged only that it was the duty of the sheriff as tax collector to account for and pay over the taxes collected, without alleging whether that duty is imposed by law or by covenant undertaken by the sheriff and his sureties.

**Taxation—Suit on Tax Collector's Bond—Defect in Pleading.**

A defect in a petition on the bond of a sheriff as tax collector, in failing to set out the conditions of the covenant and the breach on which the action is based, was not cured by an answer filed by defendants alleging that at the time the tax book went into the hands of the tax collector there was no law allowing damages for failure on the part of the tax collector to account for the taxes.

APPEAL FROM NELSON CIRCUIT COURT.

March 20, 1873.

OPINION BY JUDGE PETERS:

By an act approved January 7, 1871, entitled "An act in relation to the Bardstown & Louisville Railroad Company," it provided in

Sec. 1 that all taxes assessed in districts numbers one, five and nine, in the county of Nelson, for the paying the one hundred thousand dollars capital stock subscribed by the county court of said county for and on behalf of said districts to the Bardstown & Louisville Railroad Company, shall be due and payable to the treasurer as follows, viz.: "So much on the first day of September in each year as will be sufficient to pay the interest then due on said bonds, and the remainder of said taxes shall be due and payable to the treasurer on the first day of January in each year, and if the sheriff and other collecting office of said taxes fail to pay the same when due as aforesaid, he and his sureties shall be liable for the same with legal interest thereon from the time it should have been paid, to be recovered by suit on his bond in the name of the commonwealth for the benefit of the taxpayers of said districts and with ten per cent. on the amount of such defalcation."

Sec. 2 provides that it shall be the duty of the commissioners of the sinking fund to settle with the sheriff or other collecting officer of said taxes between the first day of December and the fifteenth of January annually; and if the amount found to be owing upon said settlement be not paid to the treasurer by the first day of February thereafter, said commissioners shall cause suit to be brought to the first term of the next court having jurisdiction for the recovery of the amount so owing, and its interest and damages aforesaid.

By the third section the sheriff, or other collecting officer, and his sureties are made liable for said taxes upon their bond executed for the collection of the county levy, and public dues of said county, and by the residue of the section the first section of an act entitled an act to amend the charter of the Bardstown & Louisville Railroad Company, approved October 3, 1861, is repealed.

This act took effect from its passage. 1 Session Acts Aug. 1871, §§ 6 and 7.

The third section of the act approved 3d of October, 1861, provides that if the sheriff or collector shall fail to collect the tax or refuse so to do according to law, or refuse to pay it over when collected, he and his sureties shall be liable to suit on said bond by motion, or at law in the circuit court having jurisdiction, for such defalcation, and ten per cent. damages on the amount. Sess. Acts 1861-62-63, pp. 64, 65.

By an act approved March 6, 1856, Sess. Acts 1855-6, p. 14, the

county court of Nelson County is authorized to impose a tax upon the real and personal estate in said Districts Nos. 1, 5 and 9, to pay the principal and interest of the debt created by said districts to aid in the construction of said railroad.

It is manifest from the foregoing statutes that the court of Nelson County was authorized by law to levy a tax on the real and personal property of the designated districts in said county, for the purpose of extinguishing the debt voluntarily imposed on said districts by the voters thereof, to appoint the sheriff of the county the collector of said taxes, the law making it his duty to settle with the commissioners of the sinking fund for said county and pay over at stated times the taxes which as collector it was his duty to collect, and in case of his failure to do as required, he and his sureties are liable to an action on his bond "In the name of the Commonwealth for the benefit of the taxpayers of said district" for such defalcation, with ten per cent. damages on the amount. These damages are allowed by the Act of October, 1861, *supra,* as well as by the one of January, 1871.

This action was brought in the name of the proper plaintiff against A. C. Thomas, sheriff of Nelson County, and Simon Humphrey, John G. Samuels, H. G. Thomas and Wilson Samuels, his sureties, April 10, 1871. On the bond executed by them on the 14th of February, 1878, by which they covenanted that said A. C. Thomas, sheriff of Nelson County, should by himself and deputies during the year aforesaid, collect, account for and pay into the treasury of the state, and to other persons entitled thereto, according to law, all taxes and public dues also received by him in the year, penalties directed, or authorized by law to be collected, or all fines and assessments within the county of Nelson.

The plaintiff below alleged in the petition that during the year 1870 the defendant was duly elected, qualified and entered upon the discharge of the duties of the office of sheriff of Nelson County, and on the 14th of February, 1870, executed the bond to the commonwealth in the court of said county, conditioned as required by law with the persons before named as his sureties, and the plaintiff avers that a copy of said bond was filed as a part of the petition marked "A."

It is then alleged that it was the duty of said Thomas, as sheriff and collecting officer as aforesaid under law by himself or deputies,

to collect, account for, and pay over to the treasurer of the Bardstown & Louisville Railroad Co. the railroad tax levied by the county court of Nelson County on the taxabel estate and property in Districts Nos. 1, 5 and 9, in said county, which were due and collectible in the year 1870. That on the 14th of January, 1871, the commissioners of the sinking fund of said districts made a settlement with the defendant Thomas as "sheriff" of the railroad tax for the year 1870, and there was then in the hands of said sheriff, due and unpaid, the sum of $7,838.45. A certified copy of said settlement was filed, marked "B."

The plaintiff then alleged that the defendant Thomas had failed to keep and perform his said bond, but had broken the same, and had wholly failed to pay over to said treasurer of the said Bardstown & Louisville Railroad the said sum due on said settlement or any part thereof, and concludes with a prayer for judgment for said sum of 7,838.45, with interest at the rate of 6 per cent. per annum from the 1st of January, 1871, till paid, and ten per cent. damages thereon for the non-payment of said sum.

It has been repeatedly decided by this court that where a writing is the foundation of the action, it must not only be filed with the petition, but so much of it must be set forth as will show that by reason of the alleged acts or omissions on the part of the defendant the plaintiff is entitled to an action, and to relief, and unless the contract is set out in terms or in substance for a breach of which the action is brought, the petition will be bad on demurrer. *Hill, etc., v. Barrett, etc.,* 14 B. Mon. 67; *Collins v. Blackburn,* Ib. 203; *Riggs, etc., v. Maltby & Co.,* 2 Met. 88.

In this case a copy of the sheriff's bond is filed but it is neither set forth in terms nor in substance in the petition. The only allegation is that it was the duty of said Thomas as sheriff and collecting officer as aforesaid to collect, account for and pay over, etc., without saying whether that duty was imposed by law, or whether it was a duty which he had covenanted to perform, and without an allegation that the sureties had covenanted that the sheriff should collect and pay over, etc., they could not be made liable for his defalcation. It is true by the Code of Practice all objection to a petition shall be deemed to be waived by the failure of the defendant to make the objection by demurrer or answer, except only the objection to the jurisdiction of the court over the subject of the action, and

the objection that the petition does not state facts sufficient to constitute a cause of action. Sec. 123. In this case it is obvious that the facts stated do not constitute a cause of action against the sureties.

And this defect is not cured by the answer which was filed by appellees in which they merely state that at the time the tax book went into the hands of the collector there was no law allowing damages for a failure on the part of the collector to account for the taxes, which certainly does not supply the defect in failing to set out the conditions of the covenant and breach for which an action accrued.

Wherefore, the judgment being a joint one, must be *reversed,* and the cause remanded with directions to award a new trial, with permission to appellee to amend the petition if application should be made therefor in reasonable time and for further proceedings consistent herewith.

*E. I. Bullock, for appellant.*

*W. Johnson, for appellee.*