R. B. Edelin, et al., *v.* Lawrence Bradley, et al.

**Pleading—Written Instruments.**

> Where a writing is the foundation of action, it must not only be filed, but so much of it set forth in the petition as will show that plaintiff, by reason of the acts or omissions on his part and on the part of the defendant, is entitled to relief. The facts essential to plaintiff's cause of action must be stated in the petition.

APPEAL FROM JEFFERSON CIRCUIT COURT.

October 8, 1875.

Opinion by Judge Peters:

This action was brought by appellees against appellants on a writ-

9

ing denominated by the pleader "A Bill of Acceptance," and it is alledged in substance in the petition that Porch & Cook, on the 11th of February, 1874, drew a bill of acceptance on one J. M. Bryant for $1,025, due four months after date, negotiable and payable at the Bank of Kentucky, in Louisville, Ky., accepted by said J. M. Bryant, and endorsed by appellants, Edelin, Huffaker, Shy and W. E. Snodely; that before its maturity the appellees caused it to be discounted in the bank, and on the day of its maturity they had it presented to the Bank of Kentucky, in Louisville, for payment, the place designated therefor in said bill, when and where payment was refused, and said bill was duly protested for non-payment, and due notice of protest was delivered to the drawers and all the endorsers. They filed the bill and the notarial protest with their petition, and made them parts of the same. They furthermore allege, in substance, that after the bill was protested they paid off and took up the same, and that they thereby became the legal holders and owners of it; that the cost of protest amounted to $2.25; that no part of said bill and fees for protest had been paid, but that the whole thereof was due and owing to them, and they pray judgment, etc.

Appellants demurred to the petition, and their demurrer having been overruled, and failing to answer further, judgment was rendered against them, and they have appeared to this court.

The only question presented is, do the facts stated in the petition constitute a cause of action? It has been so often decided by this court that where a writing is the foundation of an action, the writing must be filed, and so much of it set forth in the petition as will show that the plaintiff by reason of the acts or omissions on his part, and of those on the part of the defendant, is entitled to an action and to relief, that it certainly cannot be necessary to cite the authorities. Has that been done in the case before us? As appellees allege, they are the legal holders and owners of the bill, but who are or were the payees thereof? On that subject the petition is silent.

If there was no payee, the writing is neither a bill of exchange nor a promissory note; but if it is made payable to any one, then with that addition to what is said of it in the petition, it would have all the essentials of and is in fact a bill of exchange. And there being a payee or payees, who is the owner or are the owners, the facts should have been alleged to show that they had parted with their title, and that appellees had become invested therewith. But these necessary facts are not set out in the petition, and it is therefore defective; nor

is that defect remedied by referring to and filing the writing which is the foundation of the action as a part of the petition.

Sec. 118 of the Civil Code requires that the facts constituting the plaintiff's cause of action shall be stated in the petition. And in construing this section of the Civil Code this court has said that the petition must contain in its own body, and not merely by reference to another paper, a statement of the facts constituting the cause of action. *Hill, for the use of Wintersmith, v. Barrett, et al.,* 14 B. Mon. 67; *Collins, et al., v. Blackburn, Ibid.* 203. See also, *Riggs, et al., v. Maltby & Co.,* 2 Met. 88.

It is further objected to the petition that the allegation in relation to the presentation of the bill for payment and the notice of protest, are insufficient to charge appellants.

In *Brown & Son v. Hall,* 2 A. K. Marsh 599, it is said in a judgment taken by default, the material and traversable allegations of the declaration must, no doubt, be taken as true; but those which are not material or traversable cannot be so taken; and the days alleged when the bill was presented and the notice of protest was given, are of the latter character.

Had the defendants pleaded, the plaintiffs might have shown that the bill was presented and the notice of the protests given on days different from those alleged, and, of course, under the averments that the bill was duly presented, and that notice of protest was given in due time, it would have been competent for him to show that these things were done in reasonable time.

These averments, therefore, and not the days when the presentment of the bill alleged to have been made, or the notice of protest given, are material; and consequently the former, and not the latter, are to be taken as true. It seems, therefore, that the allegations of the time of presentment of the bill for payment, and of the notice of protest, must be regarded as sufficient, while it is safest to state the time as well as manner of giving the notice.

But for the reasons stated the judgment must be *reversed,* and the cause remanded with directions to sustain appellants' demurrer to the petition, and for further proceedings consistent herewith.

*Gibson & Gibson, for appellants.*
*Dupey & Middleton, for appellees.*