## Helton v. Louisville & N. R. Co.

Oct. 17, 1950.

J. S. Forester, Judge

Astor Hogg and Geo. R. Pope for appellant.

J. C. Baker, H. L. Bryant, C. E. Rice, Jr., C. S. Landrum for appellee.

VAN SANT, COMMISSIONER—Affirming.

Neither party filed a demurrer, neither moved for a peremptory instruction, and the answer did not cure the alleged defect in the petition. After the jury returned its verdict, defendant moved for judgment on the pleadings notwithstanding the verdict. The motion was sustained and judgment entered dismissing the petition. The sole question presented is whether the petition states a cause of action. Section 386 Civil Code of Practice, Brannon v. Scott, 288 Ky. 334, 156 S.W.2d 164.

Plaintiff suffered injuries as a result of being struck by one of defendant's trains. The petition may allege sufficient facts to establish the public character of the crossing referred to but fails to state that plaintiff, when struck, was on or using the crossing. The allegations in respect to negligence are in the following words: "Plaintiff says that on said date (August 3, 1948) he was coming from church, which was on the Black Mountain side of the mining camp along said public road to said crossing, when he arrived at the crossing he stopped a few minutes to wait upon a boy friend. He sat down on the rail on the edge of the station ground to Totz Depot next to the said crossing intending to use said crossing, when suddenly, defendant caused one of its locomotives and trains of cars to approach said crossing, without ringing a bell or sounding a whistle and passed rapidly over the tracks of said railroad at said crossing and station ground and negligently, carelessly, omitted while approaching said crossing to give any signal by bell or whistle, or otherwise, by reason thereof plaintiff was unaware of the approach of said engine and train of cars, and by reason of said negligence and without negligence or fault of plaintiff, said locomotive struck (plaintiff) Howard Helton upon the head, body, arms and limbs and broke and crushed his spine and pelvis and injured him internally and externally and has caused the said Helton to suffer great excruciating pain and anguish both physical and mental; that by reason of his injury he is permanently injured for life and his power to earn money has been diminished; that he now suffers and will continue to suffer so long as he lives. His mentality has been greatly affected and diminished by reason of said injury all caused by the negligence and carelessness of the defendant, its agents, servants and

employees in charge of its train of cars to his damage in the sum of * * *.''

It is unnecessary for us to discuss the duties owed by railroad companies to licensees. The rule controlling this decision is expressed in Cincinnati, N. O. & T. P. Ry. Co. v. King's Adm'x., 292 Ky. 457, 166 S.W.2d 975, 976, in the following words: ''one, either sitting or lying upon a railroad track, is deemed to be a trespasser, regardless of location, and * * * those in charge of a train owed him no duty except to use ordinary care to protect him from injury after the discovery of his peril.''

A more exhaustive treatment of the question appears in Lee's Adm'r v. Hines, Director General of Railroads, 202 Ky. 240, 259 S.W. 338, wherein many cases are cited which adhere to the above principle.

The petition does not specifically allege discovered peril and the negligence pleaded is not of sufficient generality to encompass the doctrine of last clear chance. Consequently, under the pleadings, defendant owed no duty to plaintiff and the court correctly dismissed the petition.

The judgment is affirmed.