## DRYBROUGH v. VEECH.

Court of Appeals of Kentucky.
April 17, 1951.

Edwin O. Davis and Mahan, Davis & Mahan, all of Louisville, for appellant.

Wallace & Hopson, Louisville, for appellee.

MILLIKEN, Justice.

This is an appeal from an order of the trial court overruling defendant's (Drybrough's) motion for judgment notwithstanding a verdict against him for $214. The motion was made under Section 386, Civil Code of Practice, and is based on the assertion that the pleadings entitle the defendant to judgment notwithstanding the verdict. Because the pleadings and procedure in the trial court are the subjects under discussion, we shall refer to the parties as plaintiff and defendant rather than appellee and appellant.

The plaintiff, Ray F. Veech, filed her petition stating that she had parked her automobile at the parking lot of the defendant, F. W. Drybrough, on South Fourth Street, Louisville, paid fifty cents for the privilege, and that the defendant, Drybrough, "and his agents and servants so negligently managed and conducted said parking lot * * * as to cause and permit the plaintiff's fur coat to be stolen from the automobile while parked on said lot." The petition alleged that "as a direct and proximate result of said negligence" the plaintiff suffered damages amounting to the value of the fur coat.

The defendant, Drybrough, filed no demurrer to the petition, but simply filed an

answer stating "that he is without knowledge or information sufficient to constitute a belief and therefore specifically denies each and every additional allegation, word, and figure of the plaintiff's petition." Upon a verdict being rendered for the plaintiff, the defendant moved the court for judgment notwithstanding the verdict upon the ground that the petition did not state a cause of action. When the trial court overruled this motion, appeal was taken directly from this ruling.

Section 386 of the Civil Code of Practice provides: "Judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him."

Where no demurrer was filed to the petition and no motion for a peremptory instruction was made before a verdict obtained on a trial of an action based upon a demurrable petition, this court said in Brannon v. Scott, 288 Ky. 334, 156 S.W. 2d 164, 165: "But, where a peremptory instruction is not requested and the jury returns a verdict for the party in default, the provisions of section 386 of the Civil Code of Practice apply. Louisville & N. R. Co. v. Johnson, 168 Ky. 351, 182 S.W. 214, 216, L.R.A.1916D, 514. Since in this case the defendant did not move for a peremptory instruction, he was entitled to the relief sought in his motion for a judgment notwithstanding the verdict of the jury."

And, in Slusher v. Hubble, 254 Ky. 595, 72 S.W.2d 39, 42: "No demurrer was filed to the petition and no motion for a directed verdict was entered by Daphane Slusher. The denial contained in the answer is made in the language of the petition. No affirmative allegation therein overcomes the failure of the petition to set forth facts sufficient to constitute a cause of action. In the circumstances it is not doubtful that she was entitled to a judgment notwithstanding the verdict. When the petition fails to state facts sufficient to constitute a cause of action, unless the defect is cured by an answer, the defendant, on a motion, is entitled to a judgment not-withstanding the verdict. Hill v. Ragland, 114 Ky. 209, 70 S.W. 634, 24 Ky.Law Rep. 1053; Riggs v. Maltby [59 Ky. 88, 90], 2 Metc. [88] 90; Mast v. Lehman, 100 Ky. [464], 466, 38 S.W. 1056, 18 Ky.Law Rep. 949."

Nor is a motion for a new trial needed. Ruhrwein v. Gebhart, 90 Ky. 147, 13 S. W. 447.

The petition in the case at bar alleges a bailment of the automobile, but no bailment of the contents of the car or the fur coat. The only way the petition can be considered adequate as imposing a duty on the bailee in regard to the fur coat is for us to conclude that the bailment of the automobile implies a bailment of the contents of the car. As stated in appellant's brief: "Here it is claimed an automobile was bailed and a coat was stolen." In the one Kentucky case upon the subject, Barnett v. Latonia Jockey Club, 1933, 249 Ky. 285, 60 S.W.2d 622, 624, we said: "Moreover, this action complains of no dereliction with reference to the automobile, but only of what happened to its contents, and the law recognizes well-settled distinctions between liability of a bailee for a bailed vehicle and liability for its contents, the latter existing only in special cases which it is the duty of the loser (the alleged bailor) to both allege and prove before recovery may be had."

There being no allegation of a bailment of the coat or its presence in the car being called to the attention of the parking lot attendants in any way, we conclude there was no duty as to the coat imposed upon the appellant or his agents at the parking lot and as a consequence they could not be negligent as to it. It is not necessary for us to discuss cases involving obligations of gratuitous bailees because here there was no bailment of the coat, gratuitous or otherwise. Where a petition fails to state a duty owed by the defendant, as in the case at bar, a judgment notwithstanding the verdict should be entered for the defendant. Helton v. Louisville & N. R. Co., 313 Ky. 693, 233 S.W. 2d 401.

The judgment is reversed with directions for the trial court to enter judgment for the defendant in accordance with his motion notwithstanding the verdict against him.