CASE 15.—PERSONAL INJURY ACTION BY ELCANA HURST
AGAINST THE LOUISVILLE & NASHVILLE R. R.
CO.—February 18.

# Louisville & Nashville R. R. Co. v. Hurst

Appeal from Campbell Circuit Court.

A. S. CAMPBELL AND C. W. YUNGBLUT, Successive
Judges.

Judgment for plaintiff.  Defendant appeals.  Reversed.

1. Railroads—Injuries to Licensee or Trespasser—Actions—Admissibility of Evidence.—Defendant ran two cars upon a switch track extending into the yard of plaintiff's employer, and plaintiff during the noon hour climbed upon one of them, and was injured by having other cars pushed against the car he was on, causing him to slip from the place where he was standing and fall between the bumpers.  Held, in an action to recover for his injuries, that evidence to show that during the noon hour there were a great many people passing and repassing across this track, offered for the purpose of showing that the presence of persons on the track was to be anticipated, and that cars should not have been backed in there with no one upon them to keep a lookout, was inadmissible, as plaintiff's right upon the car for the purpose of unloading it was in no way connected with the rights of others who might be passing across the track.
2. Railroads—Injuries to Licensees—Persons Working on Cars.—Where a railroad company places a freight car upon a side track for the purpose of its being unloaded by the owners of the freight, the owner's servants are rightly upon the car, and the railroad company has no right to back other cars against it without warning, but the liability of the company for resulting injuries will depend either on facts charging it with notice of the presence of such employes or upon the fact that

the car had been placed on the side track for the purpose of being unloaded.

3. Railroads—Injuries to Licensees or Trespassers—Actions—Questions for Jury.—In an action for damages resulting from defendant's running cars against a car on which plaintiff was standing, which was on a side track extending into the ·yard of plaintiff's employer, held, that whether the car had been placed on the side track for the purpose of being unloaded, and whether plaintiff had been ordered to unload the car and got upon it for that purpose, were for the jury under the evidence.

4. Railroads—Injuries to Licensees or Trespassers—Actions—Instructions.—Plaintiff was injured while on a car on a side track leading into the yard of his employer by having other cars run against the car on which he was standing. In an action for the resulting injuries, the evidence was conflicting as to whether the car had been placed upon the side track for the purpose of having plaintiff's employes unload it or for some other purpose. An instruction was given allowing the jury to find for plaintiff if the car "was in the proper and usual manner for the removal" of the load of sheet bars to the premises of plaintiff's employer, and the instruction further submitted the question whether "it was his duty to do such work under the circumstances." Held, That, in lieu of the first words in quotation, the court should have said "was so placed for the purpose of such sheet bars being unloaded from the car," and in lieu of the other words quoted the court should have said "that in so doing he was obeying a general order theretofore given directing him to do such work under the circumstances."

5. Appeal and Error—Reversal—Remand—Pleading—Amendment.—In an action for injuries received while on a car by having another car run against the car on which plaintiff was standing, plaintiff's petition did not state the amount of time that he lost, but no objection was made in the trial court to the introduction of evidence as to lost time. Held, That, on remand for new trial after reversal, he should be allowed to amend his petition so as to set up the quantity of time he lost and its value.

BENJAMIN D. WARFIELD for appellant.

JAMES C. WRIGHT of counsel.

Louisville & Nashville R. R. Co. v. Hurst.

## POINTS DISCUSSED AND AUTHORITIES CITED.

1. In this action by plaintiff to recover damages for having his foot mashed by the drawhead of a car, it is argued on behalf of defendant that plaintiff has not sustained by testimony the material averments of his petition; that the trial court erred in submitting the case to the jury, and in refusing to instruct the jury peremptorily to find for defendant. (I. C. R. Co. v. Broughton, 25 Ky. Law Rep. 1752; L. & N. R. R. Co. v. Hunt, by &c., 11 Ky. Law Rep. 825; Johnson v. L. & N. R. R. Co., 29 Ky. Law Rep. 36; Southern Ry. Co. in Ky. v. Thomas, 29 Ky. Law Rep. 79; Beiser v. C. & O. Ry. Co., 29 Ky. Law Rep. 249; L. & N. R. R. Co. v. Hocker, 111 Ky. 707; Hocker v. L. & N. R. R. Co., 29 Ky. Law Rep. 69.)

2. There was no sufficient averment in plaintiff's pleading as to loss of wages because of his injury, nor any testimony, to justify the court in instructing the jury that they might find, and warranting the jury in finding, $590 for loss of wages. (L. & N. R. R. Co. v. Mason, 24 Ky. Law Rep. 1625; Jesse v. Shuck, 11 Ky. Law Rep. 463; L. & N. R. R. Co. v. Reynolds, 24 Ky. Law Rep. 1402; Macon, by, &c., v. Paducah Street Ry. Co., 110 Ky. 680.)

3. It conclusively appears from plaintiff's own testimony that he had no duty to perform in being on the car when he was injured. He was improperly and negligently there. Defendant's servants had no reason to anticipate plaintiff would be where he was. The only negligence connected with the accident was plaintiff's own negligence. (Mitchell Tranter Co. v. Ehmett, 23 Ky. Law Rep. 1788, 55 L. R. A. 710; Lacket v. Lutz, 94 Ky. 287.)

4. Plaintiff having been injured while prematurely and negligently upon a car, testimony as to pedestrians having previously walked on the track in the mill yard where the accident occurred was incompetent and prejudicial. (L. & N. R. R. Co. v. Redmon's Admr., 122 Ky. 385; Brackett's Admr. v. L. & N. R. R. Co., 33 Ky. Law Rep. 921; Clark, by &c., v. L. & N. R. R. Co., 33 Ky. Law Rep. 797; L. & N. R. R. Co. v. Pendleton, 31 Ky. Law Rep. 1025.)

5. The instructions given by the court on plaintiff's motion, and on the court's own motion, over defendant's objection and exception, were erroneous and prejudicial in sundry material respects. (L. & N. R. R. Co. v. McCombs, 21 Ky. Law Rep. 1238.)

6. Even if there was some negligence on the part of defendant's servants, plaintiff would not have been injured except for his contributory negligence, and he is not entitled to recover. (Hummer's Extx. v. L. & N. R. R. Co., 32 Ky. Law Rep. 1315; L. & N. R. Co. v. Mounce's Admr., 28 Ky. Law Rep. 933; Mize v. L. & N.

Louisville & Nashville R. R. Co. v. Hurst.

R. R. Co., 32 Ky. Law Rep. 415; Southern Ry. Co. in Ky. v. Clark, 32 Ky. Law Rep. 69.)

B. F. GRAZIANI and HORACE W. ROOT for appellee.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. The allegation in appellee's petition as to loss of time was sufficient. Said allegation was not denied by appellant in its answer. Testimony upon behalf of appellee showing appellee's loss of time and the value thereof was introduced before the jury without objection or exception by appellant. (Ill. Cent. R. R. Co. v. Beauchamp, 25 Ky. Law Rep. 1431, which distinguished the cases of L. & N. R. R. Co. v. Mason, and L. & N. R. R. Co. v. Reynolds, cited by appellant, and found respectively on pages 1625 and 2405 of 24 Ky. Law Rep.)

. 2. Appellant's objection to instruction No. 6 was not made one of the grounds for a new trial. (John's Admr. v. L. & N. R. R. Co., 10 Ky. Law Rep. 759; Bland, &c., v. Gaither, &c., Id. 1035.)

3. The issue is not whether the car upon which appellee was injured had, at the time and place of his injury, been finally placed and delivered by appellant to the mill company. Even, if a proper issue, appellant never requested any instruction on that matter, and therefore waived any possible error on that point. The sole issues are as to the care and negligence of the parties. It was the duty of appellee to unload such cars. Said duty of appellee is admitted by pleadings. There is not a scintilla of proof tending to show that appellee was standing on the bumper or drawhead of the car, at the time and place of his injury, but was on the coping, etc.

4. Appellant was required to use reasonable care and diligence to ascertain appellee's presence upon said car at the time and place of injury. Pathway or passway was free and unobstructed.

5. Instructions to be construed as a whole. (Campbell National Bank v. O'Neal, 11 Ky. Law Rep. 763; Lancaster v. Turpin, 8 Ky. Law Rep. 430, 5 Ky. Digest Col. 7820, section 116; instruction No. 7 taken from case of Cincinnati New Orleans & Texas Pacific R. R. Co. v. Vaught, 25 Ky. Law Rep. 1870; see L. & N. R. R. Co. v. Turner, 12 Ky. Law Rep. 606; L. & N. R. R. Co. v. Farris, 30 Ky. Law Rep. 1193; 23 Enc. of Law, 734, 738, 739, 746, 754, 755 and 756, 2d Ed.; Shelby v. Cincinnati, &c., R. R. Co., 85 Ky. 224; C. & O. R. R. Co. v. Wiley, 28 Ky. Law Rep. 770; L. & N. R. R. Co. v. Popp, 96 Ky. 109; L. & N. R. R. Co. v. Lodsdon's Admr., 26 Ky. Law Rep. 457; L. & N. R. R. Co. v. Lowe, 25 Ky. Law Rep. 2317; I. C. R. R. Co. v. Murphy's Admr., 30 Ky. Law Rep.

Louisville & Nashville R. R. Co. v. Hurst.

93; Brackett's Admr. v. L. & N. R. R. Co., 33 Ky. Law Rep. 921; L. & N. R. R. Co. v. Berry, 33 Ky. Law Rep. 852.)

6. All the authorities cited by appellant in support of the contention that the evidence as to use of its track by the mill employees, with its knowledge and acquiscence, was erroneous, are cases in which the fact show, and the court held, the plaintiffs to have been absolute trespassers, and, therefore, such evidence could not relieve the injured parties of the character of absolute trespassers.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Elcana Hurst was a laborer in the service of the Globe Roofing & Corrugating Company in Newport, Ky., which operated a roller mill, and had a switch track running into its yard from the railroad track of the Louisville & Nashville Railroad Company, on which cars were put into the yard and taken out as needed. In November, 1906, while Hurst was one day eating his dinner, two cars were pushed in on this switch track, and left standing there at a pit used for unloading bars of iron. After Hurst finished eating his dinner, and before the bell rang for him to go to work, he went over to these cars and climbed up on one of them, and, just as he was throwing his foot over the front of the car to get into it, some other cars were pushed against them. The jar from the collision caused his foot to slip from the place where he was standing, and to get down between the bumpers, where it was badly mashed. He brought this suit to recover for his injuries on the ground that no notice was given of the movement of the cars which bumped against those he was standing on, and that the defendant was guilty of negligence in backing against these cars after they had been placed at the pit for the purpose of being unloaded by the hands of the roofing

company. On the other hand, the defendant insisted that the cars had simply been dropped in on the side track, and were not delivered for the purpose of being unloaded, that Hurst was a trespasser upon the cars, and that his injury was due to his own want of care. On a trial of the case he recovered a verdict and judgment for $1,500, and the railroad company appeals.

The court allowed Hurst to prove that during the noon hour there were a great many people passing and repassing across this track. The purpose of the proof was to show that the presence of persons on the track was to be anticipated, and the cars should not have been backed in there with no one upon them to keep a lookout, and with no notice of their movement. This would be true if Hurst had been hurt upon the track while he was crossing it, but he was not so hurt. If he was a trespasser upon the car, the defendant owed him no duty until his peril was discovered, and he can not put himself in a better position by showing that the railroad company owed certain obligations to other persons. If the car had been placed at the pit for unloading, and Hurst was rightfully on the car, the defendant had no right to run other cars against it so as to endanger him. But his right to protection on this view of the case is in no way connected with the rights of others who might be passing across the track. The railroad company in this event would owe him the same duty, although the track was not used at all by others, and it owed him no greater duty if the track was much used by others. The court, therefore, erred in admiting the evidence referred to. The rule is well settled that, where the railroad company places a freight car upon a side track for the purpose of its being unloaded by the owners of the freight or

their servants, the servants are rightly upon the car, and the railroad company has no right in such a case to back other cars against it without warning so as to injure them. 23 Ency. of Law 746; C. & O. Ry. Co. v. Wiley, 90 S. W. 557, 28 Ky. Law Rep. 770.

But, in order that the railroad company may be under obligation to anticipate the presence of persons on the car, it must appear either that the facts were such as to charge it with notice of their presence or that the car had been placed upon the side track for the purpose of its being unloaded. There was no evidence in this case to show that the company in fact knew of Hurst's presence on the car, or had any reason to anticipate that any one would be on the car unless it had placed the car at the pit for the purpose of its being unloaded. The proof for the defendant was to the effect that the car had not been placed there for that purpose. The proof for the plaintiff was to the effect that the car was loaded with bars of iron, and that this was the place where cars loaded with iron were placed to be unloaded. For what purpose the car was placed there is a question for the jury under the evidence. It is also a question for the jury whether Hurst had been ordered to unload the car and got upon it for that purpose. The evidence offered by the plaintiff that this was the regular place for placing such cars, and that, when a car was to be unloaded, the usual way was simply to place it at the pit, was sufficient to submit the case to the jury, and it was a question on all the facts whether these cars were placed there for the purpose of its being unloaded.

The first instruction given by the court allowed the jury to find for the plaintiff if the car was upon the track at the pit, and "was in the proper and usual

manner for the removal'' of the sheet bars to the premises of the rolling mill. The court in lieu of the words placed in quotation should have said, ''was so placed for the purpose of such sheet bars being unloaded from the car.'' The court further on in this instruction submitted to the jury the question whether ''it was his duty to do such work under the circumstances.'' In lieu of these words on another trial the court will use the following words: ''That in so doing he was obeying a general order theretofore given, directing him to do such work under the circumstances.'' In lieu of the sixth instruction, on another trial the court will instruct the jury that unless they believe from the evidence that the car had been placed at the pit to be unloaded, and that the plaintiff went upon the car for the purpose of unloading it in obedience to a general order from his superior directing him so to do under such circumstances, they should find for the defendant. The words ''otherwise for the defendant'' at the conclusion of No. 1 will be omitted. In lieu of the seventh instruction, the court on another trial will instruct the jury that if the car had been placed at the pit to be unloaded, and the plaintiff had gotten upon the car in obedience to an order of his superior preparatory to unloading it and for that purpose, then it was the duty of the defendant in the handling and management of its cars to do so in such a manner as not to endanger his safety.

The plaintiff's petition does not state the amount of time that he lost, but no objection was made in the circuit court to the evidence as to lost time. On the return of the case the plaintiff will be allowed to amend its petition so as to set up the quantity of time he lost and its value.

Judgment reversed, and cause remanded for a new trial.