CASE 79.—SUIT BY JOHN SCHAUB AGAINST THE PITTS-
BURG, CINCINNATI, CHICAGO & ST. LOUIS RAIL-.
WAY COMPANY AND ANOTHER FOR PERSONAL
INJURY.—February 11, 1910.

## Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co., &c. v. Schaub

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Third Division).

WALTER P. LINCOLN, Judge.

Judgment for plaintiff, defendants appeal.—Affirmed.

1.  Master and Servant—Safe Place to Work—Danger of Injury
    —Judgment of Foreman—Right to Rely Thereon.—Employes
    have a right to rely on the judgment of their foreman as to
    the danger of injury in work he orders them to do, unless so
    manifestly dangerous that a person of ordinary prudence
    would not undertake it.

2.  Master and Servant—Safe Place to Work—Precautions for
    Safety—Right to Presume.—Two employes, acting under the
    immediate orders of their foreman, went under a loaded car
    on a private switch track connected with the plant to stop
    a hole in the floor through which grain was leaking; the fore-
    man having gone to the office. It was unusual for the rail-
    road company to put cars in on the switch till notified so to
    do, but without such notice a railroad crew pushed two
    other cars on the switch track without notice to such em-
    ployes, and one whose back was towards the approaching
    cars was injured before he could get out. Held, that the em-
    ployes had a right to presume the foreman had taken, or
    would take, sufficient precautions for their safety.

3.  Master and Servant—Safe Place to Work—Assumption of
    Risk—Precautions for Safety—Questions of Law.—The situ-
    ation was not so manifestly dangerous that it could be said,
    as a matter of law, either that a person of ordinary prudence

would not have undertaken the work, or that some precautions should not have been taken for their safety.

4. Negligence—Pleading.—Negligence may be alleged generally and the facts constituting it need not be set out, as this matter is evidential.

5. Railroads—Persons Working About Cars—Action for Injuries —Pleading Negligence.—When, in a suit against a railway company for injury to a person at work under a box car on a private switch track when other cars were pushed thereon, plaintiff alleged defendant knew, or by ordinary care could have known, he was under the car, and with this knowledge by gross negligence backed the car on him, he sufficiently stated his case for negligence against it, and he may show the circumstances making out its negligence, without setting them out in the pleading.

6. Railroads—Persons Working About Cars—Precautions to Avoid Injury.—A railroad crew must anticipate the presence of persons about a car on a private siding, not ready to be moved, in charge of the shipper, and should not bump against it without notice.

7. Master and Servant—Suit for Injuries—Pleading—Concurring Negligence—Safe Place to Work.—In a suit against a manufacturing company for injury to an employe, plaintiff alleged that he was instructed by defendant to go under a car on a switch track to do certain work thereon, and that in obedience to orders he located himself thereunder, and proceeded to repair the same as directed; that defendant with gross negligence failed to provide reasonably sufficient warning or protection, and, notwithstanding its knowledge of his peril, negligently allowed an engine to bump into the car; that the premises were at the time and place under the joint control of defendant and its co-defendant railway company, and that each of them participated in the negligent acts set out, and with joint and gross negligence inflicted, and caused to be inflicted, on plaintiff his injuries complained of. Held, that the facts alleged showed a cause of action against the employer.

8. Master and Servant—Action for Injuries—Instructions—Safe Place to Work.—The facts so alleged warranted an instruction that it was its duty to exercise ordinary care to furnish plaintiff a reasonably safe place to work, and to keep it safe, and that when it directed him to go under the car to work, it was its duty to exercise ordinary care to protect him from injury by a movement of any car on the siding while he was

so engaged; and that, if it failed to do so, and by reason thereof he was hurt, the jury should find in his favor.

9.   Master and Servant—Suit for Injuries—Instructions—Contributory Negligence.—An employe was injured by the bumping of a car against another under which he was at work with a co-employe on a private siding belonging to his employer. In a suit therefor, he and his co-employer were the only persons testifying as to notice of the danger. Plaintiff said that the notice and bump came practically at the same time. His co-employe's evidence was so uncertain as not to contradict him as to whether he could by ordinary care have avoided danger after his co-employe gave him warning. There was no other evidence of his want of care. The court instructed that it was his duty to use ordinary care for his own safety and that, if he failed to do so, and but for such failure would not have been injured, the jury should find for defendants, his employer and the railway company. Held, that defendants were not substantially prejudiced by the form of the instruction; that, while it would not have been improper to have instructed them that, if he was notified of the danger, and after such notice failed to exercise ordinary care for his own safety, and but for this would not have been injured, the jury should find for defendants, the instruction given carried with it this idea.

10.  Appeal and Error—Review—Conflicting Evidence—Amount of Damages for Personal Injury.—A finding on conflicting evidence as to the amount of damages in a personal injury case will not be disturbed on appeal, where it can not be said on the whole case that the verdict is palpably against the evidence.

CHAS. H. GIBSON, B. H. YOUNG, M. A. RIPY and E. C. WADE for appellants.

POPHAM & WEBSTER and KOHN, BAIRD, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Kentucky Malt & Grain Company operates a plant at Thirteenth and Maple streets in Louisville, and owns in connection with its plant a railway switch track, connecting with the tracks of the Pitts-

burg, Cincinnati, Chicago & St. Louis Railway Company. This switch track is short, holding only about four cars. John Schaub was an employe of the grain company, and on March 10, 1908, was directed by his foreman to go under a car standing on the switch track with a fellow workman named Linert, to stop a hole which had been discovered in the floor of the car through which the grain was leaking. The car had been placed on the switch the day before to be loaded, and after it was loaded this leak was discovered, and it was necessary to stop the leak before the car was sent out on the road. While Schaub and Linert were under the car engaged in this work, the foreman of the grain company, who had put them to work there went to the office to make out a waybill for the car, and while he was gone to the office, a crew on the railroad pushed in two other cars on the switch track without notice to Schaub and Linert. These cars ran against the cars on the track, and pushed the car that they were working under so that the axle struck Schaub a blow on the arm. Linert, who was looking in that direction, perceived the danger in time to get out, and he called to Schaub, who was farther under the car and had his back turned to the approaching cars, but Schaub did not get the notice in time to avoid the injury. Schaub brought this suit against both companies to recover damages; a trial was had which resulted in a verdict and judgment against each for $1,000, and they appeal.

The court by its instructions told the jury in substance that it was the duty of the grain company to exercise ordinary care to furnish Schaub a reasonably safe place to work, and to exercise ordinary care to keep it safe, and that when it directed him to

go under the car to work, it was its duty to exercise ordinary care for his protection from injury by a movement of any car on the siding while he was so engaged; and, if it failed to do this, and by reason of such failure he was hurt, they should find for him as to it. He also told the jury that it was the duty of the railroad company in moving the cars on the siding of the grain company, to exercise ordinary care for the safety of its employes, and to that end to give the usual signals of the movement of any engine on the siding by ringing the bell; and, if the crew in charge of the engine knew, or by the exercise of ordinary care could have known that the plaintiff was under the car at the time they moved the engine, or if they failed to give the usual signals of the movement of the engine, and thus backed against the car and injured him while at work under it, they should find for him against it. He further instructed the jury that it was the duty of Schaub to use ordinary care for his own safety, and if he failed to do this, and but for such failure would not have been injured, they should find for the defendants.

The grain company insists that it is not liable; for Schaub knew, as is shown by the evidence, that nobody was on the lookout, and that therefore he took the risk, as between him and it, when he remained under the car at work after the superintendent went away to the office to make out the waybill. Schaub and Linert were acting under the immediate orders of their superior, and they had a right to rely upon his judgment, unless the work was so manifestly dangerous that a person of ordinary prudence would not have undertaken it. They had a right to presume that he had taken, or would take, sufficient precautions for their safety, as he could have done,

by giving the railway company notice of what was going on, or otherwise protecting them. It was not usual for the railway company to put cars in on this switch until notified by the grain company. It was the private switch of the grain company, and the situation was not so manifestly dangerous that it can be said, as a matter of law, that a person of ordinary prudence would not have undertaken the work. Nor can it be said, as a matter of law, that some precautions should not have been taken to secure these men in their perilous position under the car.

As to the railway company, it is insisted that the instructions of the court submitted to the jury a matter which was not put in issue by the petition. It is said that the plaintiff had set out the negligence on which he relied, and that the court by its instructions submitted to the jury the question whether there was negligence in moving the engine in on the siding without any signals, when this was not alleged. This is too narrow a construction of the pleading. The original petition, among other things, contains the following: "He states that defendants, and each of them, well knew that it was customary for persons to, and they frequently did, crawl under said cars, for the purpose of making repairs and other purposes incident to the facilitation of said business, and well knew that a person thereunder was in great peril and danger to his life and limb unless great care was by them exercised for his protection. He states that notwithstanding said custom, instructions, peril, and danger, the defendant Pittsburg, Cincinnati, Chicago & St. Louis Railway Company did then and there, with gross negligence and carelessness, run and cause to be run a certain switch engine in on said track

and violently onto and against said car, putting the
same in motion, thereby inflicting upon plaintiff the
injuries hereinafter set out." The court sustained the
demurrer of the railway company to the petition, and
he then filed an amended petition, in which he made
this further averment: "That at the time and place
he was injured said defendant knew, or could by
the exercise of ordinary care have known, of his peril
under the box car where he was working."

This court has held in a long line of cases that
negligence may be alleged generally and that the
facts constituting the negligence need not be set out,
as this matter is evidential. When the plaintiff alleg-
ed that the defendant knew, or by ordinary care
could have known, that he was under the car, and
with this knowledge by gross negligence backed the
car upon him, he sufficiently stated his case under
the rulings of this court, and he may show the cir-
cumstances making out the negligence of the defend-
ant without setting them out in his pleading, for the
reason that the want of ordinary care is often a
matter depending upon a number of facts, and to
set them all out in the pleading would be unneces-
sarily to incumber it.  In Chiles v. Drake, 2 Metc. 149,
74 Am. Dec. 406, the court thus stated the rule: "In
actions for personal injuries resulting from negli-
gence, it has always been regarded as sufficient for
the plaintiff to allege in general terms that the in-
jury complained of was occasioned by the careless-
ness and negligence of the defendant. He has not been
required to state the circumstances with which the in-
fliction of the injury was accompanied, in order to
show that it had been occasioned by negligence.  An
allegation of the extent of the injury and of the man-
ner in which it was inflicted has been always re-

garded as sufficient. * * * The injury complained of was the killing of plaintiff's intestate. The manner of its infliction was by shooting. The shooting and killing were occasioned, as alleged, by the 'willful neglect' of the defendant. These facts were all set forth in the petition, and nothing more was necessary." In Louisville, C. & L. R. R. Co. v. Case, 9 Bush, 732, the court following the above, said: "The averment of the essential facts—viz., the death of the intestate—that his life was destroyed by the act of the railroad company in running its cars over him, and the carelessness and negligence through or by which this was done, made out for appellee a cause of action, under the first section of the act of 1854." The same rule has been followed in personal injury cases where death did not result. L. & N. R. R. Co. v. Wolfe, 80 Ky. 84; Ky. Central R. R. Co. v. McMurtry, 3 Ky. Law Rep. 625; Depp v. L. & N. R. R. Co., 14 S. W. 363, 12 Ky. Law Rep. 367; Connell v. C. & O. R. R. Co., 58 S. W. 374, 22 Ky. Law Rep. 501.

This car had been set on the sidetrack to be loaded. The preparation of the car for delivery to the railway company had not been completed; it was not ready to be moved, and was still in charge of the grain company. The railway crew were required to anticipate the presence of persons about that car, and should not have bumped against it without notice. In the recent case of Louisville & Nashville R. R. Co. v. Hurst, 116 S. W. 291 we said: "The rule is well settled that where the railroad company places a freight car upon a side track for the purpose of its being unloaded by the owners of the freight or their servants, the servants are rightly upon the car, and the railroad company has no right in such a case

to back other cars against it without warning, so as to injure them.''

For the reason we have given the petition is not insufficient as to the grain company. Among other things it contained as to it these allegations: ''He states that on or about March 10, 1908, the plaintiff was in the employ of defendant Kentucky Malt & Grain Company at and upon said premises, and as such employe was instructed by defendant, its superior officers and agents over plaintiff, to get under a certain car upon said switch track at and near said scales, as aforesaid, and to do certain work thereunder for the prevention of grain leakage; that in obedience to said orders plaintiff located himself under said car, and proceeded to repair the same as directed. * * * He states that defendant Kentucky Malt & Grain Company did then and there with gross negligence and carelessness fail to provide suitable or reasonably sufficient warning or protection to plaintiff, and notwithstanding its knowledge of his peril and danger negligently allowed said engine to bump into and violently knock said car. He states that said premises were at said time and place under the joint control of defendants, and that they and each of them participated and concurred in the wrongful and negligent acts hereinbefore set out, and with joint gross negligence inflicted, and caused to be inflicted, upon plaintiff his injuries herein complained of.''

The facts thus alleged showed a cause of action against the grain company, and fully warranted the instruction given by the court. There was no substantial prejudice done the defendants by the form of the instruction on contributory negligence. While it might not have been improper to have given an

instruction to the effect that if Schaub was notified of
the danger, and after such notice failed to exercise
ordinary care for his own safety, and but for this
would not have been injured, the jury should find
for the defendants, the instruction which the court
gave carried with it this idea, and if the instruc-
tion in the other form had been given, we are satis-
fied it would have had no effect on the result, for the
reason that Schaub and Linert are the only wit-
nesses testifying on the subject. Schaub says the no-
tice of the danger and the bump of the car came prac-
tically at the same time, and Linert's evidence is so
uncertain as not to amount to a contradiction of
Schaub as to whether Schaub could by ordinary care
have avoided the danger after Linert gave him warn-
ing. There was no other evidence of want of care
on the part of Schaub, and it is not to be readily be-
lieved that a man in Schaub's position would quietly
stay under the car when he had notice that an engine
was backing down against it.

As to the extent of the injury three doctors testi-
fied; the arm was exhibited to the jury, and was ex-
amined by the doctors in their presence. If the evi-
dence of Schaub and his doctor alone were taken, he
has not recovered nearly enough. If the evidence for
the defendant alone is taken, he has recovered far too
much. But the jury had the witnesses before them,
and we cannot say on the whole case that their ver-
dict is palpably against the evidence.

Judgment affirmed.