## American Stone Ballast Company v. Marshall's Administrator.

(Decided December 12, 1924.)

### Appeal from Jessamine Circuit Court.

1. Master and Servant—Negligence of Employer Rock Crushing Company and Railroad Held Concurrent Causes of Injury to Employe.—Negligence of company operating rock crushing plant in leaving switch on spur track set in manner that runaway cars might strike others about which employes were working, and negligence of railroad company in permitting cars on grade to get away, held concurrent and contributing causes of injury to employe.

2. Negligence—Parties Responsible for Concurring Causes of Injuring Severally and Jointly Liable—"Proximate Cause."—Where independent causes concur and contribute to accident which could not have resulted from either alone, they are "proximate causes" thereof, and the parties responsible for such concurring and contributing causes are severally and jointly liable for injuries.

3. Appeal and Error—In Absence of Demurrer, Insufficiency of Petition Not Reviewable on Appeal.—In absence of demurrer, alleged insufficiency of petition is not reviewable on appeal.

4. Appeal and Error—In Absence of Authentication by Order or Bill of Exceptions, Alleged Misconduct of Counsel is Not Reviewable. —In absence of authentication by order of court or bill of exceptions, alleged misconduct of counsel is not reviewable.

5. Appeal and Error—Parties Defendant Against Whom no Judgment is Rendered are Improper Parties Appellant.—Parties defendant for whom verdict has been directed, and against whom no judgment was entered, are improper parties appellant, and cannot complain of judgment entered against codefendants.

DAVID C. HUNTER and JOHN H. WELCH for appellant.

EVERETT B. HOOVER and N. L. BRONAUGH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant's rock crushing plant is located considerably below the tracks of the Cincinnati, New Orleans and

Texas-Pacific Railway Company, and connected there-
with by a spur track, which is quite steep.   Near the
crusher bins the spur track splits into three switch
tracks, one called the "run-around track," which as its
name implies does not enter but runs around the crusher,
and two others which pass under the crusher bins and
are called, respectively, the "screenings" and the
"ballast" track.

On the morning of the accident which resulted in
the death of plaintiff's intestate, and some time previous
to its occurrence, Sam Hardin, appellant's foreman, and
Jessee Savage, one of its employees, let two empty gon-
dolas down the spur track and into the screenings track
to a point about ten feet from the screenings bin.  To do
this they had to line the tracks into the screenings track
by setting a switch against the run-around track, with
which the spur track was customarily kept aligned for
the obvious purpose of preventing cars from escaping
down the grade into either of the bin tracks where em-
ployees were constantly engaged in loading the cars set
for the purpose under the bins.

Shortly after these two cars had been set on the
screenings track, and while Marshall was engaged in
loading a truck from the screenings bin, the railroad
company attempted to set several empty gondolas on the
head of the spur track.  These cars escaped down the
spur track into the screenings track, collided with the
two cars thereon, drove them against the truck, and
crushed Marshall to death between the truck and the
nearest car.

The negligence relied upon for recovery of damages
for his death is, the failure to furnish him a reasonably
safe place in which to work.

Whether or not the alleged negligence was proven
depends upon whether or not Savage, after letting the
two cars above referred to into the screenings track, re-
set the switch so as to align the spur track with the run-
around track, as he testified he did, but as the circum-
stances and the evidence of other witnesses show he did
not do.

This question of fact was the only one submitted by
the court to the jury, and it is not contended, as it could
not be, that the evidence on that issue does not sustain
the verdict for the plaintiff.   Several of the reasons
urged for a reversal are, in their final analysis, based

upon the contention that the court erred in not deciding, as a matter of law, that defendant's negligence was not the proximate cause of the accident, or at least in not submitting to the jury the question of whether the proximate cause of the accident was the negligence of the defendant or of the railroad company.

The insistence is, that the negligence of the defendant in failing to reset the switch against the screenings track, after setting the two cars thereon, but furnished the condition which rendered the accident possible, while the negligence of the railroad company, in permitting the cars that caused the accident to escape down the track, was the proximate cause thereof.

The whole argument for the appellant is based upon the theory that either its negligence or the negligence of the railroad company must have been the proximate cause of the accident, whereas we concur in the evident opinion of the trial court that neither was the sole proximate cause but that they were concurrent and contributing causes of the accident, and without either the accident would not have occurred.

If correct in this view, the only question for the jury was whether or not the alleged negligence of the defendant was established by the evidence.

That we are correct in that view is clear, since it is patent that if the switch had been set as claimed by the defendant so as to align the spur track with the run-around track, and as admittedly it should have been, the accident would not have happened, despite the negligence upon the part of the railroad company in permitting the cars to escape down the spur track, and also, that such negligence by the railroad company would have proven harmless to decedent except for the negligence of the defendant in leaving the switch open.

It is well settled in this jurisdiction, as in most if not all others, that where two independent causes concur and contribute to an accident which could not have resulted from either, both are proximate causes thereof, and that the parties responsible for such concurring and contributing causes are severally and jointly liable for injuries resulting therefrom. City of Louisville v. Johnson, 24 Ky. L. R. 685, 69 S. W. 803; Louisville Home Telephone Co. v. Gasper, 123 Ky. 128, 93 S. W. 1057; Pittsburg, etc., Ry. Co. v. Schaub, 136 Ky. 652, 124 S. W. 885; Watson v. K. & I. Bridge & R. Co., 137 Ky. 619, 126 S. W. 146; City of Louisville v. Hart's Admr., 143 Ky. 171,

.136 S. W. 212; City of Louisville v. Bridwell, 150 Ky. 589, 150 S. W. 672; Cohen v. Home Telephone Co., 179 Ky. 107, 200 S. W. 344.

It follows that the court did not err in refusing a peremptory instruction for the defendant upon the theory that the evidence showed conclusively that the negligence of the railroad company was the sole proximate cause of the accident, or in refusing to submit that question to the jury.

A reversal is also asked upon the ground that the petition does not state a cause of action, and for misconduct of counsel in the argument before the jury, but neither of these questions is here, since there was no demurrer to the petition, and the alleged misconduct of counsel is not authenticated by order of court or the bill of exceptions.

A verdict was directed for Hardin and Savage who were also made defendants, and no judgment was entered against either, hence they are improperly joined as appellants, and can not complain of the judgment herein.

Perceiving no error in the record prejudicial to appellant's substantial rights, the judgment against it for $5,000.00 is affirmed.