### J. P. Burton Coal Company v. Craft, et al.

(Decided March 25, 1927.)

Appeal from Pike Circuit Court.

1.  Process.—By filing answer without having court pass on motion to quash return on summons, defendant waived motion and entered appearance, though answer read "without waiving its motion to quash."

2. Corporations.—Mortgage executed to secure indebtedness previously incurred by hopelessly insolvent corporation, owing hundreds of creditors many thousands of dollars, held properly adjudged preferential and fraudulent, under Ky. Stats., section 1910.

3. Pleading.—Where mortgagee answered, without demurring to petition to have mortgage adjudged preferential and fraudulent, under Ky. Stats., section 1910, and evidence overwhelmingly established all facts authorizing such relief, it cannot complain, after judgment for plaintiff, that petition was defective.

4. Pleading.—Where petition attacked mortgage as preferential and fraudulent, under Ky. Stats., section 1910, plaintiff's failure to reply to answer denying such allegations and affirmatively alleging that mortgage was given in good faith, without intent to prefer, did not entitle defendant to judgment on pleadings.

5. Corporations.—In suit to have corporate mortgage adjudged preferential and fraudulent under Ky. Stats., section 1910, defendant mortgagee held entitled to determination of counterclaim for amount paid by it to lessor to prevent forfeiture of mortgagor's leasehold estate.

A. B. COMBS and B. F. COMBS for appellant.

HARMON, FRANCES & HOBSON, MOORE & CHILDERS, PICKLESIMER & STEELE, STRATTON & STEPHENSON, JOHNSON, AUXIER & HINTON and J. PHELPS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellant, J. P. Burton Coal Company, has prosecuted this appeal on the same record and from the same judgment which was the subject of this court's opinion in Charles W. Freeman, appellant, v. J. N. Craft, et al, appellees, handed down on March 15, 1927. The action was instituted in the Pike circuit court by certain of the creditors of the Elkhorn Seams Collieries Company against it, and this appellant, J. P. Burton Coal Company, and part of the relief sought was to have it adjudged that a mortgage executed by the former to the latter to secure it in an indebtedness of $15,000.00 was preferential and operated as an assignment for the benefit of its creditors. The chancellor, upon the trial below, adjudged the mortgage in question to have been fraudulent and preferential and to have operated as an assignment for the benefit of the creditors of the Elkhorn Seams Collieries Company, and denied appellant, J. P. Burton Coal Company, any relief under it. The judgment below also was adverse to appellant on the other questions

hereinafter discussed and it has prosecuted this appeal therefrom.

Appellant insists that the trial court erred in not sustaining its motion to quash the return on the summons for it herein. It appears to have filed a written motion to quash supported by an affidavit stating that the person on whom the summons for it was served was not its agent and that it was not brought before the court thereby. The record discloses that the motion to quash the return was never passed upon by the trial court. In addition, it appears that on the same day the motion to quash was filed appellant filed its answer herein. The answer as drafted reads: "The defendant, the J. P. Burton Coal Company, for its answer herein, without waiving its motion to quash the return of service of summons as against the defendant herein," etc.; and appellant insists that thereby, though it filed its answer pleading to the merits, and though its motion to quash was never passed on by the court below, it has not entered its appearance and is in position to insist here that its motion to quash should have been sustained and that it was not before the court when the judgment below was rendered; and for that reason it insists that the judgment should be reversed. Exactly that situation was presented to this court in Newport News, etc., Company v. Thomas, 96 Ky. 613, where it was said:

> "Moreover, without having the court to pass on its motion to quash, the defendant filed its answer to the merits, and thereby waived the question of jurisdiction over its person. The mere fact that, in the order filing the answer, the motion to quash is recited as not waived, does not alter the legal effect of filing the answer, which is to waive this preliminary motion.

See also Gainesboro Telephone Company v. Buckner, 160 Ky. 604, 169 S. W. 1000, and Brumleve v. Cronan, 176 Ky. 818, 197, S. W. 498. Hence, by filing its answer without having the court pass upon its motion to quash appellant waived the motion and entered its appearance.

Appellant urges that the chancellor erred in adjudging that the mortgage executed and delivered by the Elkhorn Seams Collieries Company to it was preferential and fraudulent. The action to have the mortgage in

question so adjudged was instituted within six months after it was lodged for record. The mortgage itself discloses that it was executed to secure an indebtedness incurred previously rather than simultaneously with it. The record conclusively establishes that at the time it was executed the Elkhorn Seams Collieries Company, the mortgagor, was so hopelessly insolvent that that fact could not but have been known to its officers and directors. The mortgage was executed March 19, 1924, and was lodged for record and recorded on March 26, following. At that time many of the creditors of the Elkhorn Seams Collieries Company had instituted actions on their claims. Within two months thereafter it was compelled to suspend operating its coal mining properties for lack of funds and credit. It owed a mortgage debt to the amount of $30,000.00, contracted some two years previously, which it had been unable to reduce at all. Hundreds of claims aggregating many thousand dollars are to be found in the record which it owed at the time it executed the mortgage to appellant. The judgment of the chancellor that the mortgage in question was executed and delivered to appellant by the mortgagor in contemplation of insolvency and with the design to prefer appellant to the exclusion in whole or in part of others is overwhelmingly established by the evidence herein and can not be disturbed.

Appellant complains that the petition is not sufficient to charge that the mortgage to it was preferential and fraudulent under the provisions of section 1910, Kentucky Statutes. It is sufficient to say in response that no demurrer to the petition was filed and issue was joined by the answer filed. The petition was treated by the parties as an attack on the mortgage under the provisions of the statute, *supra,* and the evidence herein overwhelmingly establishes that all of the facts authorizing relief under that statute existed. Having answered without interposing a demurrer and the evidence supplying the defects, if any, in the petition, appellant is now in no position to complain that the petition was defective, since the defects, if any, have been cured by the proof and judgment. See L. & N. Railroad Company v. Lewis, 211 Ky. 830, 278 S. W. 143; Maynard v. Farley, 198 Ky. 420, 248 S. W. 1023; and American Stone Ballast Company v. Marshall's Admr., 206 Ky. 133, 266 S. W. 1051.

Appellant urges that the affirmative allegations in its answer were not responded to by reply, and that

therefore, they must be taken as confessed, and that as it pleaded that the mortgage was given in good faith and without the intent to prefer, it was entitled to a judgment on the face of the pleadings. To this we can not agree. The petition attacked the mortgage as having been made by the debtor in contemplation of insolvency and with the design to prefer the mortgagee to the exclusion in whole or in part of the mortgagor's other creditors. By the answer these allegations were denied, and then it was affirmatively pleaded that the mortgage was given in good faith and without the intention to prefer the mortgagee. This was nothing more than an affirmative denial of the allegations of the petition and no reply was needed to complete the issue.

Appellant complains that the trial court erred in failing to adjudge on its counterclaim that it was entitled to be paid from the proceeds of the property of the Elkhorn Seams Collieries Company, sold herein, $1,800.00, which it had paid to R. H. Ratliff, lessor of a portion of the coal lands under lease to Elkhorn Seams Collieries Company, for royalties due him under the lease and which were paid to prevent a forfeiture of the leasehold estate. This feature of the action seems to have been entirely overlooked by the chancellor in rendering judgment herein, and that is readily understood in view of the vast number of questions and issues involved. Appellant's counterclaim filed herein seems to state a cause of action in its favor for royalties paid by it to preserve the leasehold estate of the insolvent Elhorn Seams Collieries Company. It also seems to plead a reasonable explanation of and excuse for its failure to file this claim with the receiver and commissioner to whom the action was referred for settlement. There seems to be no response filed to this counterclaim, and it was filed before the court adjudged how the proceeds of the assets of the insolvent Elkhorn Seams Collieries Company should be distributed. This court has concluded that appellant is entitled to have its claim passed upon and determined herein; but that, in view of the fact that the claim has never been adjudicated by the court below, it would seem to be proper to direct the chancellor upon the reconsideration of this case made necessary by the reversal of the judgment rendered herein on the appeal of Charles W. Freeman v. J. N. Craft, et al., to consider and adjudge the

rights of the parties with reference thereto. The parties may be permitted to plead to an issue on this question.

For the reasons indicated the judgment herein will be affirmed, but without prejudice to the right of appellant to have tried and determined its right to be paid the $1,800.00 paid by it to W. K. Elliott.