CASE 68—PETITION ORDINARY—JANUARY 26.

## Mast, Crowell & Kirkpatrick v. Lehman.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. LETTER OF CREDIT—PLEADING.—In an action on a letter of credit where the petition failed to allege any notice by the plaintiffs to the defendant of their acceptance or reliance upon his letter of credit, and failed to allege any promise or agreement to pay for the goods sold under the letter of credit, or any breach of the agreement, a motion to find for the defendant should be sustained.

2. COSTS—FAILURE TO DEMUR.—Where a defendant withdraws his demurrer to an insufficient petition, and files an answer, and a verdict is rendered for plaintiff, but judgment entered for defendant on the pleadings, notwithstanding the verdict, it was error to adjudge the defendant all his costs against plaintiffs, as a party is required by the provisions of sub-section 2 of section 93 of the Civil Code, to pay all costs which result from his failure to demur.

L. L. PARKS FOR APPELLANT.

1. Appellants' failure to allege in petition notice of acceptance of the letter of credit and appellee's promise to pay is cured by the evidence and verdict. (9 Bush, 332, Bridges v. Reed; 14 Ky. L. R., p. 431, Droege v. Woods; 11 Ky. R., p. 582, Mueller v. Morgan; 1 Met., p. 443, Woodcock v. Ferrell; 82 Ky., p. 296, Drake's adm'r v. Simonon & Dixon; 6 B. M., p. 380, Hunt v. Wilson; 7 B. M., p.

Mast, Crowell & Kirkpatrick v. Lehman.

379, Vaughn v. Gardner; 2 Met., p. 88, Breggs v. Matby; 10 Bush, p. 275, Escott & Son v. White, &c.; 88 Ky., p. 275, Johnson v. Johnson; 78 Ky., p. 193; Thompson v. Glover; Civil Code, sections 120-129, 130 and 134; 16 Ky. L. R., p. 611, C. & O. R. R. v.Thierman, &c.; 17 Ky. L. R., p. 285, L. & N. R. R. v. Coyn.)

2. Letter of credit waives notice of acceptance. (77 Ky., 193, Thompson vs. Gloves; 10 Howard, pp. 473, 4 and 5, Lou. Mnfg. Co. vs. Welsh; De Colyer on Guaranty, &c., pp. 78 and 79.

3. Appellee is estopped by his letter, of May 7, 1893, to appellants (stopping the shipment of goods under the letter of credit) from saying appellants failed to notify him of due acceptance of letter of credit.

4. Appellant's withdrawing his demurrer and answering and trial on the issue waived his demurrer. (2 Met., p. 119, D. L. & N. Co. v. Stuart; 14 Ky. L. R., p. 431, Droege v. Woods.

5. The plaintiff's amended petition should have been permitted by the court to be filed in furtherance of justice. (Civil Code, sections 93 and 134; 1st Duval, p. 196, Lee v. Lee; 1st Metcalf, p. 443, Woodcock v. Simonin & Dixon; 10 Bush, p. 175, Escott & Son v. White, &c.; 82 Ky., p. 296, Drake's Adm. v. Simonin & Dixon; 88 Ky., p. 275, Johnson v. Johnson; 16 Ky. L. R. p. 585, Mocerf v. Stirman.)

S. S. BLITZ FOR APPELLEE.

1. Where one proposes or offers by letter to guarantee the future payment by a third person, before that proposal becomes binding upon the guarantor notice of its acceptance must be given to the guarantor by the party acting upon it; and in a suit upon the guaranty such notice must be alleged and proved. (Steadman v. Guthrie, 4 Met., 146; Bell v. Keller, 13 B. M., 382; Lowe v. Beckwith, 14 B. M., 184; Kincheloe v. Holmes, 7 B. M., 5; Adams v. Stone, 12 Pet., 213; Estey v. Murphy, 7 Ky. L. R., 596; Long v. Hemphill, 5 Ky. L. R., 771; Thompson v. Glover, 78 Ky., 194; Newman's Pleading and Practice, 378; Douglas v. Reynolds, 7 Pet., 113; Russell v. Clark, 7 Cranch, 69; Edmundson v. Drake, 5 Pet., 624; Lee v. Dick, 10 Pet., 482; Moxley v. Moxley, 2 Met., 311.)

2. Notice of acceptance is not waived by the terms of the guaranty; notice of the different shipments as well as notice of Holloway's failure to meet his liabilities alone are waived.

3. The defects in the petition are not cured by the answer. In order for the answer to cure the defects in the petition, it must supply the missing averments. (Riggs v. Maltby, 2 Met., 90; Fible v. Caplinger, 13 B. M., 466; Tye v. Catchings, 82 Ky., 466.)

4. The verdict does not cure the defect, for before that can be there must have been such an issue formed on the omissions as required

evidence. (Drake v. Semonin, 82 Ky., 291; L. & P. Canal v. Murphy, 9 Bush, 522; Droege v. Woods, 14 Ky. L. R., 431; C. N. O. & T. P. R. R. Co. v. Barkley; 13 Ky. L. R., 331; Bogenshutz v. Smith, 84 Ky., 341; Baird v. Deering, 13 Ky. L. R., 271; Gebhard v. Gaines, 12 Bush, 325.)

5. There is no promise to pay alleged in the petition, which makes it fatally defective. (Huffaker v. Bank, 12 Bush, 291; Ky. Electric Institute v. Gaines, 4 Ky. L. R., 398.)

6. An allegation that a defendant "is indebted" is only a legal conclusion. Facts showing the liability must be expressly pleaded. (Thornton v. Guthrie, 5 Ky. L. R., 327; Lafayette Works v. Trustees, 4 Ky. L. R., 447; O'Brien v. Covington, 11 Ky. L. R., 813.)

7. Upon the motion for a judgment notwithstanding the verdict, the petition having failed to state a cause of action, the motion was properly sustained. (Civil Code, sec. 386; Fible v. Caplinger, 13 B. M., 466; Mitchell v. Mattingly, 1 Met., 240; Lindsey v. Rutherford, 17 B. M., 248; Evans v. Stone, 80 Ky., 80; Stephens on Pleading, p. 162.)

J. M. CHATTERSON OF COUNSEL ON SAME SIDE.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT:

This suit was instituted by the plaintiffs against defendant upon a letter of credit executed by defendant to the plaintiffs in favor of one Francis Holloway, which is, in words, as follows: "I request that if Mr. Francis Holloway order books or merchandise from you at any time within twelve months from the date of this letter of credit you ship same to his order, and I hereby obligate myself to see that same are paid for within thirty days from date of shipment, provided, he should fail to make settlement in that time, and the amount should not exceed $1,000. I further waive notice to me of shipment made to the said Francis Holloway on the faith of this letter of credit, or failures to meet payments when due by him. (Signed) Simon Lehman." Plaintiffs alleging that upon the faith of said

letter of credit they sold and delivered to the said Holloway books and merchandise to the amount of $735.43, on which he had paid the sum of $140, leaving a balance of $595.43, which balance was due and unpaid and had remained due and unpaid for more than thirty days from the date of shipment of said books and merchandise.

Plaintiffs further alleged that by reason of said letter of credit, their sale and shipment to said Holloway of said books and merchandise and said Holloway's failure to pay said balance of $595.43 when due that defendant had become indebted to plaintiffs in the aforesaid sum, and that said debt was due and unpaid, and, that, although requested he had failed to pay any part of it, and they prayed for a judgment.

The defendant filed a demurrer to the petition. On the 10th day of February, 1894, notified plaintiffs' counsel that he would move the court to permit him to withdraw from the records his demurrer to the petition, which motion was sustained by the court, and said demurrer was withdrawn. On the 16th day of February, defendant filed his answer, which was substantially a traverse of all the affirmative allegations of plaintiffs' petition. Afterwards, on the 11th day of May, 1894, the issues being made, a jury was selected and sworn to try the case. All the evidence being heard, the defendant moved the court to peremptorily instruct the jury to find for the defendant, to which motion the plaintiffs objected, and the court, being advised, overruled said motion, to which defendant excepted.

Mast, Crowell & Kirkpatrick v. Lehman.

The court instructed the jury in behalf of plaintiffs, and the cause was given to the jury, who returned a verdict in favor of plaintiffs for $595.43, with interest from the 23d day of December, 1893; and a judgment was thereupon entered in favor of plaintiffs against defendant for said sum and their costs expended. The defendant then moved the court to enter a judgment for the defendant, notwithstanding the verdict for the plaintiffs, and the court sustained said motion and dismissed plaintiffs' petition with judgment for defendant's cost.

The motion of defendant was under section 386, Civil Code, which says: "Judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him." The grounds upon which said motion were based were:

1st. That plaintiffs had wholly failed to allege or prove any notice by the plaintiffs to the defendant of their acceptance of or reliance upon his letter of credit, upon which this case was based.

2d. That said petition wholly failed to allege any promise or agreement of defendant to pay for the goods sold Holloway under such letter of credit, or any breach of such agreement.

These objections were well taken, and are supported by frequent adjudications of this court. The petition was fatally defective upon demurrer.

As the petition is certainly wanting in all these usual and necessary allegations, and evinces great carelessness or lack of skill on the part of the pleader,

which probably suggested to defendant the *cul de sac* into which plaintiffs finally landed.    The defendant with admirable skill concealed both from the court and the plaintiffs the real defense upon which he relied; but in our judgment the defendant at the close of the case committed an error, which was fatal to his defense, and lost him all the advantage which he had gained by his *finesse.*

At the conclusion of the trial the defendant moved the court to peremptorily instruct the jury to find for the defendant.    This motion of defendant should have been sustained by the court, and would have been sustained if the court had been aware of the true condition of the pleadings.    It is true the plaintiffs objected to the instruction, but in our opinion such objection did not relieve the court  of its obligation to properly instruct the jury as to the law of the case based upon the pleadings and the proof.    If the court had sustained this motion, as it was clearly his duty to do, it would necessarily have brought to the attention of the plaintiffs the defense which had been so carefully concealed from the very beginning of the case.    And before the submission of the case to the jury he would have had an opportunity to have offered an amendment curing the defects in his petition, which, in furtherance of justice, it would have been the duty of the court to have allowed to be filed.

The objects of courts are primarily to enforce rights and to prevent wrongs.    These ends were defeated in this case; a claim apparently just is defeated and the

defendant released from liability without any trial upon the real merits of the case, by an error of the court in refusing to give a proper instruction when asked to do so.

We also think it was error to give judgment for all the costs of the defendant against plaintiffs, even if his motion had been properly sustained, as paragraph 2 of Section 93, Civil Code, requires a party to demur before he files other pleadings than demurrer, or to be liable for all costs which would result from such failure.

For the reasons indicated, the judgment is reversed, and the cause is remanded with instructions to allow plaintiffs to file the amended petition offered by him and other proceedings consistent with this opinion.