## Sheffield-King Milling Company v. Sorg.

(Decided May 14, 1918.)

### Appeal from Franklin Circuit Court.

1. Judgment—Judgment Non Obstante Veredicto.—Where plaintiff asked for a peremptory instruction which should have been given, he is not thereafter entitled to a judgment notwithstanding the verdict for defendant, but only to a new trial for the error of the court in refusing the peremptory.

2. Pleading—Issue.—In a suit for damages for the breach of a contract, the answer and amended answer examined and held to admit the execution of the contract

3. Trial — Pleading — Issue — Submission—Instructions — Error.— Where the execution of the contract sued on is admitted by the pleadings of the defendant, it is error to submit the issue of non est factum to the jury.

4. Pleading—Issue.—In an action by the seller against the buyer for damages for the breach of a contract for the purchase of flour, the defendant's pleadings examined and held not to present the issue that the flour contracted for, was worthless.

5. Evidence—Similar Facts—Exclusion as Res Inter Alia Acta.— In an action for the refusal of a buyer to accept flour, evidence that flour of the same brand theretofore ordered by the buyer, and ordered by others about the same time, was of inferior quality, without any showing that the flour testified to was manufactured under the same circumstances and conditions and out of the same quality of wheat as the flour in controversy, was incompetent.

6. Trial—Pleading—Issues and Proof—Submission—Error.—It was error to submit to the jury an issue which was neither pleaded nor proved.

7. Trial—Pleading—Issues and Proof—Peremptory Instruction.— Where in an action for the refusal of a buyer to accept flour, the only defenses were a plea of fraud and a counterclaim for damages growing out of a prior shipment of flour, and there was no evidence to support either defense, plaintiff was entitled to a peremptory instruction.

L. W. MORRIS and H. L. HAIDALE for appellant.

L. F. JOHNSON and SCOTT & HAMILTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The Sheffield-King Milling Company brought this suit against F. J. Sorg, to recover damages for the breach of a contract for the purchase of flour. A trial before a jury resulted in a verdict and judgment for the defendant, and plaintiff appeals.

The suit is based on a written order for 1260 packages of flour at the price of $5.00 per barrel, to be delivered in the months of October, December and January following. The contract is dated July 8, 1912, and purports to have been signed by Sorg. Sorg refused to receive the flour and plaintiff was compelled to sell it on the market at a loss of $878.30. It appears that on June 19, 1912, defendant purchased from plaintiff 420 packages of flour at the price of $5.50 per barrel, to be shipped on directions to be furnished the defendant on or before July 15, 1912. In defense of the action sued on, defendant made in his original answer the following denial of the execution of the contract:

"The defendant F. J. Sorg by way of answer and counter-claim herein admits section 2 of plaintiff's petition herein. The defendant denies that on the 8th day of July, 1912, or at all, other than hereinafter set out, that he made or entered into a contract in writing. He denies that any contract between said parties was on the 13th day of July, 1912, or at all acknowledged, accepted or confirmed by the plaintiff. Defendant denies that he contracted or agreed with plaintiff to purchase from plaintiff a quantity of Gold Mine flour equivalent in the total to 630 barrels of the net weight of 196 pounds each or at all except as hereinafter set out."

The second and third paragraphs of the original answer are as follows:

"For further answer herein the defendant, F. J. Sorg, says that the contract sued on was procured by fraud, covin and misrepresentation; and that the said fraud, covin and misrepresentation consisted in an agreement on the part of the agent of plaintiff who was acting in the apparent scope of his authority, not to send in the order for the three car loads of Gold Mine flour until the defendant had made a test with the carload of said Gold Mine flour theretofore ordered, and not then unless the said car load should prove satisfactory.

That in point of fact the said first car load was inferior; was not first-class flour, did not make first-class bread, was not satisfactory to defendant, and that the defendant's trade was greatly damaged by reason of the character of said flour, and that when defendant learned of the inferior quality of the flour, he at once notified the plaintiff not to ship under the written contract sued on; and the plaintiff, notwithstanding said fact, shipped the flour and defendant refused to accept it.

"For further answer and counter-claim herein the defendant, F. J. Sorg, reiterates the statements made in paragraphs No. 1 and No. 2, and says further that the contract sued on was procured by fraud, covin and misrepresentation as set out in the second paragraph herein, and that by reason of the inferior quality of said flour the defendant's trade was damaged in the sum of five hundred dollars for which he prays judgment against the plaintiff as a counter-claim."

Defendant subsequently filed an amended answer containing the following allegations:

"The defendant says that the alleged contract between plaintiff and defendant was executed between them in Frankfort, Kentucky on the 8th day of July, 1912, and that the same was procured by covin, misrepresentation and fraud as before stated and it contemplated that the said contract should be fully executed and performed in the state of Kentucky. . . . .

"Defendant says that at the time he signed the contract sued on in plaintiff's petition, he did not know that plaintiff had not complied with the law of Kentucky in the respect hereinabove set out."

Plaintiff's agent testified in substance that he prepared the order of July 8, 1912, in duplicate, and sent the two copies to Sorg for his signature. A day or two later he received the two copies signed by Sorg. Plaintiff's proof further shows Sorg's refusal to accept the flour and the damages thereby incurred. When Sorg took the stand he stated that the contract was not signed by him or anybody for him by his authority. In detailing his conversation with plaintiff's agent, he said that they were talking about the flour, and that he stated that if the first car was satisfactory and proved all right, he might take some more flour from him. He also testified that the first car of flour ordered in June did not make salable bread, and because of its bad quality he

was compelled to take back bread he had sold to grocers in Frankfort. In the latter statement he was corroborated by certain witnesses in Frankfort. Others who had purchased flour from plaintiff about the same time testified that the quality was not good.

At the conclusion of the evidence, plaintiff asked a peremptory instruction, which was refused. Thereupon the court on its own motion instructed the jury as follows:

"The first question for you to determine in this case is whether or not the contract in suit, alleged to have been signed by defendant, was in fact signed by him or by someone for him by his authority. If you find that the contract in suit, alleged to have been signed by defendant, was not in fact signed by him or anyone for him by his authority, then your verdict must be for the defendant. If, on the other hand, you find that the contract in suit was in fact signed either by defendant or by some one for him by his authority, then, in that event, your verdict must be for the plaintiff, for the full amount claimed by it in this suit, with interest, unless you also find that the flour which plaintiff shipped to defendant under the said contract was worthless. In the event that you find that the said flour so shipped was worthless then your verdict must be for the defendant. That is to say, your verdict must be in favor of the defendant if you find either that the said contract was not signed by him, or by anyone for him by his authority, or that the flour shipped to defendant by plaintiff under the said contract was worthless."

On the return of the verdict in favor of the defendant, plaintiff moved for a judgment notwithstanding the verdict, and also for a new trial. Both motions were overruled.

Plaintiff first insists that the court erred in refusing to sustain its motion for a judgment notwithstanding the verdict. In reply to this contention it is sufficient to say that plaintiff at the conclusion of the evidence, asked for a peremptory instruction which should have been given for the reasons hereinafter pointed out, and it is the rule that where a party asks for a peremptory instruction which should have been given, he is not thereafter entitled to a judgment notwithstanding the verdict, but only to a new trial for the error of the court in refusing the peremptory. Conn. Fire Insurance Co.

v. Moore, 154 Ky. 20, 156 S. W. 867, Ann. Cas. 1914B, 1106; Louisville Rwy. Company v. Hibbitt, 139 Ky. 44, 129 S. W. 319, 139 Am. St. Rep. 464; Louisville & N. R. Co. v. Johnson, 168 Ky. 351, 182 S. W. 214.

It will be observed that the defendant in his original answer did not make an unqualified denial of the execution of the contract  He merely denied that he executed the contract, "other than hereinafter set out," and, "except as hereinafter set out." He then alleges that the contract sued on was procured by fraud, covin and misrepresentation, which consisted in an agreement on the part of the agent of the plaintiff not to send in the order for the three car loads of Gold Mine flour until the defendant had made a test of the car load of flour previously ordered and found it satisfactory. Not only so but the defendant averred in his amended answer that the contract between plaintiff and defendant was executed between them in Frankfort on the 8th day of July, 1912, and that at the time he signed the contract sued on in plaintiff's petition, he did not know that plaintiff had not complied with the law of Kentucky, etc. It is clear therefore that defendant never pleaded *non est factum*, but admitted the execution of the contract and pleaded in substance that the contract was not to become effective unless the flour ordered in June proved to be satisfactory to defendant. Since the defendant admitted the execution of the contract, it was error to submit this issue to the jury.

The second paragraph of the original answer alleges that the first car load of flour was inferior. The third paragraph alleges "that by reason of the inferior quality of said flour, the defendant's trade was damaged." As the defendant never accepted or used any of the flour embraced in the contract sued on, and as his trade could not have been damaged by its inferior quality, it is clear that the allegation in the third paragraph respecting the inferior quality of the flour applies only to the first car load ordered in June, and that the purpose of this paragraph was to interpose a counterclaim or set-off based on the loss of trade resulting from the inferior quality of that particular flour. It therefore follows, that there was no plea that the flour covered by the contract sued on was worthless. Furthermore there was no competent testimony that the flour last mentioned was worthless. The only testimony bearing

on the question was that the flour ordered by defendant in June and delivered in July, as well as other flour ordered by other persons, was of inferior quality and of the same brand as the flour in controversy. There is no such persistency in the character of flour that the worthlessness of one car load may be regarded as evidence of the worthlessness of another car load, regardless of the time of its manufacture or of the quality of the wheat from which it was made. One car load of flour may be bad, while another car load made from different wheat may be good. Hence evidence of the inferior quality of one shipment of flour is not admissible for the purpose of showing the inferior quality of another shipment, unless it is made to appear that the two shipments were manufactured under the same circumstances and conditions and out of the same quality of wheat. Newton v. Bayless Fruit Company, 155 Ky. 440, 159 S. W. 968. There being neither pleading nor proof that the flour covered by the contract of July 8 was worthless, it was error to submit this issue to the jury.

Without passing on the sufficiency of the plea of fraud, it sufficeth to say that there was no evidence tending to show fraud. Defendant did not testify to facts showing that he signed the contract and that the contract was obtained from him by fraud. He not only denied the execution of the contract, but stated that the only conversation that he had with plaintiff's agent was that he might order additional flour if the flour theretofore ordered proved satisfactory.

The only other issue presented by defendant's pleadings was his counter-claim for damages for loss of trade growing out of the inferior quality of the flour ordered. On this issue there was no competent proof that defendant suffered any damage, and hence no question for the jury.

Here then we have a case where the execution of the contract sued on was admitted and there was neither pleading nor proof that the floor contracted for was worthless. The only defenses interposed were a plea of fraud and a counter-claim for damages growing out of the prior transaction, and there was no evidence to support either defense. Under these circumstances the plaintiff was entitled to a peremptory instruction.

Judgment reversed and cause remanded for a new trial consistent with this opinion.