## Baskett and Held v. Coombs' Administrator.

(Decided February 27, 1923.)

### Appeal from Daviess Circuit Court.

1. Negligence—Failure to Reply to Plea Warrants Peremptory Instruction.—Where defendants' plea of contributory negligence is not controverted by reply or otherwise, their motion for a peremptory instruction should be sustained.

2. Judgment—Error in Refusing Peremptory Instruction Required by Pleadings Requires New Trial and Not Judgment Notwithstanding Verdict.—Where defendants' motion for a peremptory instruction should have been sustained because their plea of contributory negligence was not controverted, but the court refused such instruction and a verdict was rendered for plaintiff, defendants were not entitled to judgment notwithstanding the verdict but only to a new trial.

3. Municipal Corporations—That Automobile Struck Another in Such Way as to Change Direction or Accelerate Speed Must be Shown, When Deceased Killed by the Other Car.—Before defendant, whose automobile struck another car which killed plaintiff's intestate, could be held liable, it was necessary to show, not only that his car was being driven at a negligent rate of speed, but that it struck the other machine in such a way as to change its direction or accelerate its speed, and thereby helped to bring about the accident.

4. Evidence—Declarations of One Defendant Not Made in Other's Presence Held Inadmissible Against the Other.—Where persons sued jointly for the death of one struck by an automobile were in separate cars, admissions of one of them not made in the other's presence were properly excluded so far as the other was concerned.

5. Municipal Corporations—Evidence Held Insufficient to Make Question for Jury as to Liability of One Whose Automobile Struck the Car Which Killed Deceased.—Testimony that defendant's car struck the fender of the car which killed deceased, but that the witness could not say whether it was the back part of the fender

or not, or whether it was before or after the other car passed over deceased, was insufficient to carry the question of defendant's liability to the jury.

ROBERT D. VANCE, SOL HEILBRONNER, LaVEGA CLEMENTS and LOUIS I. IGLEHART for appellants.

BEN D. RINGO and ROBERT STUART for appellee.

Opinion of the Court by Judge Clay—Reversing.

On April 5, 1915, Miley Baskett and Browning Held, each in a separate machine, were driving west on Fifth street in the city of Owensboro at a high rate of speed. When they approached the intersection of Fifth and St. Ann streets, Ernest Coombs, a boy fifteen years of age rode his bicycle around the corner and proceeded west on Fifth street. After going a short distance he was struck and killed by the automobile driven by Held.

This suit was brought against both Baskett and Held by the boy's administrator to recover damages for his death. The trial resulted in a verdict and judgment for $10,000.00 in favor of plaintiff. The defendants appeal.

The joint answer not only denied the allegations of the petition, but pleaded contributory negligence in appropriate terms. The plea of contributory negligence was not controverted by reply or otherwise. At the conclusion of the evidence for the appellee, appellants moved for a peremptory instruction which was refused. After the trial they made a motion for a judgment notwithstanding the verdict, which motion was also overruled. As the plea of contributory negligence was not denied, it is clear that the motion for a peremptory should have been sustained, but it does not follow that the motion for a judgment notwithstanding the verdict also should have prevailed. It has long been the rule in this state that where a party asked for a peremptory instruction, which, because of the condition of the pleadings, should have been granted, he is not thereafter entitled to a judgment notwithstanding the verdict, but only to a new trial for the error of the court in refusing the peremptory. Connecticutt Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S. W. 867; L. & N. Ry. Co. v. Johnson, 168 Ky. 351, 182 S. W. 214.

Appellant, Baskett, is also entitled to a new trial on another ground. The theory on which it is sought to hold him liable is that while Held was slowing down his ma-

chine, Baskett's machine, which was being driven at a high rate of speed, struck Held's machine and carried it over the boy. The only evidence on this point was the admission made by Held some time after the accident, and not in the presence of Baskett, to the effect that the accident would not have happened if his car had not been struck by Baskett's car, and the statement of the witness, Bellew, that Baskett's car struck Held's car on the fender, but he could not say whether it was on the back part of the fender or not, or whether it was before or after Held's car passed over the boy. Before Baskett could be held liable, it was necessary to show not only that his machine was being driven at a high rate of speed, but that it struck Held's machine in such a way as either to change its direction, or accelerate its speed, and thereby helped to bring about the accident. As Baskett and Held were in separate cars, and Held's admissions were not made in Baskett's presence, the court properly excluded the admissions, so far as Baskett was concerned. As this left only the statement of Bellew, and Bellew was unable to say where Held's car was struck, or that it was struck before it passed over the boy, it is apparent that there was no evidence on which to submit Baskett's liability to the jury.

Judgment reversed and cause remanded for a new trial consistent with this opinion.