## Franklin Fire Insurance Company of Philadelphia v. Cook's Administrator, et al.

(Decided June 25, 1926.)

### Appeal from Perry Circuit Court.

1. Appeal and Error—Where Plaintiff was Made Appellee on Defendant's Appeal from Judgment for Interveners, but he Prosecuted no Separate Appeal and was Granted no Cross-Appeal, Questions Presented in his Behalf Could Not be Considered.—Where judgment below was for interveners and defendant appealed, making plaintiff an appellee, but plaintiff prosecuted no separate appeal nor secured cross-appeal, questions presented by plaintiff held not reviewable, notwithstanding he filed motion and grounds for new trial, noted all necessary exceptions, and was granted appeal by court below.

2. Executors and Administrators—Judgment Under Fire Policy for Purchasers at Sale During Administration Held Not Sustained Under Evidence Failing to Show Assignment of Rights Under Policy by Administrator.—Where purchasers at judicial sale during administration intervened in suit by administrator to recover on policy for fire occurring after sale, judgment for interveners held not supported by evidence which failed to show any assignment by administrator of rights under policy.

3. Judgment.—Where party moves for peremptory instruction which is erroneously refused, he is not entitled to judgment notwithstanding verdict, but only to new trial.

BRUCE, BULLITT, GORDON & LAURENT, F. M. DRAKE, and MORGAN, EVERSOLE & BOWLING for appellant.

WILSON & WILSON, NAPIER & HELM and EVERSOLE & CAMPBELL for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

G. M. Cook owned dwelling house No. 105, in Cedar Craig addition to the city of Hazard, Kentucky, and carried insurance on it to the amount of $2,000.00 with appellant, Franklin Fire Insurance Company. He died in-

testate and the property in question descended to his several children. After his death, upon the expiration of the insurance policy, it was renewed twice by appellant's agent, who had full knowledge of the fact that the title of the property in question had descended to deceased's children, in the name of G. W. Cook, administrator for G. M. Cook, the policy being written and issued in that way for the benefit of the heirs. The last policy so issued was dated December 17, 1922, and insured the property in question for a period of one year. An action was instituted in the Perry circuit court for the sale of that house and lot, as well as other real estate owned by deceased, and for a division of the proceeds among the heirs. A judgment was entered directing that the property be sold, and pursuant thereto it was sold in October, 1923, by the master commissioner of the Perry circuit court. Appellees, John E. Campbell, W. C. Eversole and John B. Combs, purchased it when so sold, and executed bond. In December following, and before the expiration of the last policy above, the house was destroyed by fire, which occurred before the sale made in October had been confirmed by the Perry circuit court, though it was subsequently so confirmed. Appellee, Cook, to whom the insurance policy had been issued, instituted an action to recover the amount of the policy on account of the destruction by fire of the house insured. The purchasers at the judicial sale, Campbell and others, intervened, and, under an alleged contract for the assignment of the insurance policy alleged to have been concurred in by the agent of appellant insurance company, sought to recover for themselves the amount of the insurance. Appellant insurance company denied liability to either Cook or the purchasers at the judicial sale upon the ground that the policy expressly provided that it should be void "if any change other than by the death of an insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) either by legal proceeding or judgment or by voluntary act of the insured, or otherwise," and that the title of the insured under the policy in question passed from him and changed by the judicial sale which occurred before the fire, and that no assignment of interest was made by insured or was consented to by it prior to the fire or at all. At the conclusion of the evidence appellant moved for a directed

verdict, which the trial court overruled. The case was submitted to the jury under an instruction which directed them to find against appellant insurance company in favor of George Cook, administrator, if they should believe from the evidence that he did not agree to transfer the insurance policy to the purchasers either before or after the sale and before the fire, but for the purchasers at the judicial sale if they believed from the evidence that Cook had promised to transfer the insurance to them and the agent of insured had agreed thereto. The jury found in favor of the purchasers at the judicial sale. Appellant moved for a judgment in its favor notwithstanding the verdict, which the trial court overruled, and judgment was entered in accordance with the verdict returned. The appeal has been prosecuted by appellant insurance company, and G. W. Cook, administrator, and the purchasers at the judicial sale, Campbell, Eversole and Combs, were made parties appellee.

Although it appears from the record that Cook's administrator filed motion and grounds for a new trial, which were overruled, and had noted of record all necessary objections and exceptions and prayed and was granted an appeal by the court below, no separate appeal has been prosecuted for him to this court, nor did he move for or have granted to him herein a cross-appeal. Consequently the questions presented for Cook's administrator by brief of counsel filed herein can not be considered by this court because they are before us neither upon original nor cross appeal.

It is insisted for appellant insurance company that the trial court erred in overruling its motion for a directed verdict and in overruling its motion for a judgment notwithstanding the verdict. The testimony without contradiction establishes that no assignment of the insurance contract was ever made by Cook, administrator, to whom it was issued, to the purchasers at the judicial sale. They both pleaded and proved herein that Cook refused to do so after the sale. Two of the purchasers testified that during the progress of the sale Cook told them that the house was insured and that he would assign the policy to them if they should purchase it. They testify that after the sale he refused to do so. After the sale two of them talked with appellant's resident agent and were told that for the company he would consent to

the assignment of the policy; but it is certainly true that he could not effect an assignment of the policy unless Cook agreed. That the purchasers so understood is made clear by the testimony of W. C. Eversole, one of the purchasers: "Q. Tell the jury what he (appellant's agent) said to you in that conversation? A. Said the insurance was all right; said the company carried it and would transfer it if we got a hold of the policy." There is no evidence that appellant's agent, Cook, administrator, and the purchasers or any one for them, ever discussed this proposition together. Cook denied that he ever anywhere agreed to assign the policy. In that state of case how can it be held that a contract was made between the parties interested whereby the purchasers at the judicial sale succeeded to the rights of the insured under the policy sued on? To succeed they must have established such a contract. There seems to be a total failure of evidence that such a contract was made. For that reason the trial court erred in overruling appellant's motion for a peremptory instruction as to appellees, Eversole and others, purchasers at the judicial sale.

Appellant's contention that the court erred in overruling its motion for a judgment notwithstanding the verdict can not be sustained. The rule is that when a party has moved for a peremptory instruction which should have been given he is not thereafter entitled to a judgment notwithstanding the verdict, but only to a new trial for the error of the court in refusing the peremptory instruction. Mast, Crowell & Kirkpatrick v. Lehman, 100 Ky. 464, 38 S. W. 1056; Louisville Ry. Company v. Hibbett, 139 Ky. 43, 129 S. W. 319; Connecticut Fire Insurance Company v. Moore, 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914B 1106; L. & N. Railroad Company v. Johnson, 168 Ky. 351, 182 S. W. 214; Sheffield-King Milling Company v. Sorg, 180 Ky. 539, 203 S. W. 300; Baskett and Held v. Coombs' Admr., 198 Ky. 17, 247 S. W. 1118; Lancaster Electric Light Company v. Taylor, 168 Ky. 179, 181 S. W. 967.

Reversed and remanded for other proceedings not inconsistent herewith.