## S. K. Jones Construction Company, et al. v. Hendley.

(Decided March 23, 1928.)

(Rehearing Denied, with Modifications, May 8, 1928.)

### Appeal from Fulton Circuit Court.

1.  Exceptions, Bill of.—Under Civil Code Practice, sec. 334, court could not extend time for filing of bill of exceptions beyond next succeeding term after judgment was rendered, in absence of a showing of some casualty or misfortune preventing filing of bill of exceptions within the time allowed by statute.

2.  Exceptions, Bill of.—Where circuit court had regular January, April, and May terms, court could not, at the May term, consider an affidavit relative to the existence of facts which, if shown at

April term, might have been sufficient to authorize trial court to grant further extension of time for filing bill of exceptions, as provided by Civil Code of Practice, sec. 334.

3. Negligence.—Negligence may be pleaded in general terms.

4. Judgment.—In action by employee against employer for personal injury allegedly sustained while moving and setting up a concrete mixer, allegations of pleading held insufficient, as being too general, to support verdict and judgment for plaintiff.

5. Pleading.—In action by employee against employer for personal injury, an allegation that employee was injured by and through the employer's negligence held but a conclusion of the pleader.

6. Master and Servant.—A cause of action, founded on negligent failure of master to furnish his servant a safe place within which to work, or safe instrumentalities with which to work, is a particular cause of action, and must be specifically pleaded.

7. Master and Servant.—Evidence of master's negligence by his failure to furnish a safe place in which to work, or safe instrumentalities with which to work, is not competent under a general charge of negligence.

8. Appear and Error.—Where bill of exceptions has been stricken from the record, the case is the same as if the appeal had been prosecuted without a bill of exceptions.

9. Appeal and Error.—Where appeal is prosecuted after bill of exceptions had been stricken from the record, the only question presented, in view of Civil Code of Practice, sec. 335, is whether the judgment is supported by the pleadings.

10. Judgment.—Where defendant's demurrer to plaintiff's petition in personal injury action should have been sustained, but was overruled, defendant was not entitled, on motion therefor, to judgment non obstante veredicto, since court should not, under Civil Code of Practice, sec. 386, mislead plaintiff by overruling the demurrer, holding petition to be sufficient, and then sustain motion for verdict on the pleadings, holding petition to be defective.

11. Appeal and Error.—Trial court's error in overruling defendant's demurrer to petition will, where court thereafter sustains defendant's motion for verdict on pleadings, be corrected on appeal.

HESTER & STAHR and CHAS. C. CRABTREE for appellants.

WORTH & FINCH and F. B. MARTIN for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Reversing.

Appellee, Tom Hendley, recovered a judgment against appellant S. K. Jones Construction Company in the Fulton circuit court in an action by him against it for injuries alleged to have been received by him as a result of its negligence. Hence the appeal.

Appellee has moved this court to strike from the record the bill of exceptions upon the ground that it was tendered and filed too late in the court below. Section 334 of the Civil Code of Practice provides that the party objecting must except when the decision is made, and that time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court. Provision is then made for approving the bill of exceptions at the time fixed where a different judge is presiding from the one who tried the case, and also for those cases where no term of court is held at the term to which time was given. This section of the Code has frequently been construed by this court, and, in the absence of a showing of some casualty or misfortune preventing the filing of the bill of exceptions within the time given, it has uniformly been held that the trial court has no authority to extend the time beyond the next succeeding term after the judgment is rendered. See Johnson, etc., v. Stivers, etc., 95 Ky. 128, 23 S. W. 957, 15 Ky. Law Rep. 477, and Combs v. Combs, 41 S. W. 7, 19 Ky. Law Rep. 439, and numerous other opinions of this court cited therein.

The judgment appealed from herein was rendered at the January term, 1927, of the trial court. At that term an order was entered giving appellant to and including the sixth day of the next April term of the court in which to prepare and file its bill of exceptions. On April 11, 1927, the day to which by the preceding order appellant was given to tender and file a bill of exceptions, this order was entered:

"The defendants are given to and including the twelfth day of the May term, 1927, to file bill of exceptions and evidence, to which plaintiff objected and excepted."

There appears to be a regular January term, April term, and May term of the Fulton circuit court. It thus will be seen that the circuit court undertook at the next succeeding term after the judgment was rendered to extend the time for filing bill of exceptions to a subsequent term. According to the record herein, no showing of casualty or misfortune was then made. At the May term, when the bill of exceptions was tendered, appellant undertook by filing affidavits to establish the existence of facts which, if shown at the April term, would probably

have been sufficient to authorize the trial court to grant a further extension of time for filing the bill of exceptions. That showing came too late to be considered by the trial court. Because of the express provisions of section 334, of our Civil Code of Practice, and under authority of the opinions, supra, construing it, this court is constrained to the view that the motion of appellee to strike the bill of exceptions from the record must be sustained.

The bill of exceptions, having been stricken, leaves for consideration only the question whether the pleadings are sufficient to support the verdict and judgment. The allegations, of the petition by which it is sought to charge that appellee's injuries were the proximate result of the negligence of appellant are these:

> "The plaintiff further states that on the 26th day of November, 1925, while in the employ of defendants, and in the discharge of his duty, he was, by and through the negligence of the defendants, painfully, seriously, and permanently injured."

This allegation was repeated in an amended petition, and nothing was added to strengthen it. No statement of the answers or replies filed herein adds to the allegations above, except that in the third paragraph of appellant's answer it was alleged that, "at the time of the accident and injury, the plaintiff was assisting to move and set up a concrete mixer, and the accident and injury was one of the necessary risks assumed by plaintiff in his employment and for which no one was answerable." Are these allegations sufficient to support the judgment appealed from?

This court is committed by a long line of opinions to the doctrine that negligence may be pleaded in general terms. The rule prevailing with reference to the question was succinctly stated in Chiles v. Drake, 2 Metc. 146, 74 Am. Dec. 406, thus:

> "In actions for personal injuries, resulting from negligence, it has always been regarded as sufficient for the plaintiff to allege, in general terms, that the injury complained of was occasioned by the carelessness and negligence of the defendant. He has not been required to state the circumstances with which the infliction of the injury was accompanied,

in order to show that it had been occasioned by negligence. An allegation of the extent of the injury, and of the manner in which it was inflicted, has been always regarded as sufficient. 2 Chitty on Pleading, 650.''

The allegation of negligence there was that defendant ''by means of his willful neglect shot and killed her said husband to her great damage,'' etc. Holding the petition good, it was said:

''The injury complained of was the killing of the plaintiff's intestate. The manner of its infliction was by shooting. The shooting and killing were occasioned, as alleged, by the 'willful neglect' of the defendant. These facts were all set forth in the petition, and nothing more was necessary.''

The rule there announced has been followed in numerous cases. See Gaines, etc., v. Johnson, 133 Ky. 510, 105 S. W. 381, 32 Ky. Law Rep. 58; Davis' Adm'r v. O. V. B. & T. Co., 127 Ky. 805, 106 S. W. 843, 15 L. R. A. (N. S.) 402, 32 Ky. Law Rep. 627; Murray v. C. &. O. Railway Co., 139 Ky. 383, 115 S. W. 821; Pittsburg, C., C. & St. L. Railway Co. v. Schaub, 136 Ky. 652, 124 S. W. 887, 136 Am. St. Rep. 273; Monroe v. Standard Sanitary Mfg. Co., 141 Ky. 549, 133 S. W. 214; Ohio V. C. & M. Co. v. Heine, 159 Ky. 586, 167 S. W. 873; and Hart v. Roth, 186 Ky. 535, 217 S. W. 893.

When measured by this rule, are the allegations of the pleadings herein found to be sufficient to support the verdict and judgment? We cannot so conclude. There is no statement as to the manner in which the injuries were inflicted. The allegation that he was injured by and through the negligence of defendant is but a conclusion of the pleader. It is not stated in the pleadings that appellant negligently did, or failed to do, anything. It is not alleged that the concrete mixer was being negligently handled or moved or operated by appellant, or that appellee's injuries resulted from the moving or operation of the concrete mixer, or from anything being done by appellant. For these reasons, this court is constrained to the view that the pleadings are not sufficient to support the judgment.

Briefs for both appellant and appellee indicate that appellee was injured when a timber, being used as a skid

in moving the concrete mixer across an excavation, broke. It is deemed not improper to say that a cause of action, founded upon negligent failure of the master to furnish to his servant a safe place within, or safe instrumentalities with, which to work, is a particular cause of action, and must be specifically pleaded. Evidence of negligence by failure to furnish a safe place or safe instrumentalities is not competent under a general charge of negligence. This question was fully dealt with in this court's recent opinion in L. & N. Railroad Co. v. Lewis, 211 Ky. 830, 278 S. W. 143, and the authorities supporting the rule are there cited.

It being necessary for the reasons given to strike the bill of exceptions from the record herein, the case is the same as if the appeal had been prosecuted without a bill of exceptions. When so prosecuted, the only question presented is whether the judgment is supported by the pleadings. See section 335, Civil Code of Practice, and notes 1, 1a, 1b, and 1c, thereunder. We conclude, for the reasons indicated, that the pleadings herein are not sufficient to support the judgment.

Appellant insists that, if this court should strike the bill of exceptions from the record on the motion of appellee and hold that the pleadings do not support the judgment, as has been done, it must necessarily follow that we hold that the motion of appellant for a judgment non obstante veredicto should have prevailed. It is insisted that section 386, Civil Code of Practice, so provides. It must not be overlooked that the record, not the stricken bill of exceptions, shows that appellant demurred generally to the petition, and petition as amended, and that the trial court overruled the demurrers. The demurrer presented to the trial court the same question that the motion for judgment on the pleadings did. It is readily apparent that the trial court should not mislead the appellee, by overruling the demurrer to the petition as amended, thus holding it to be sufficient, and then sustain the motion for a verdict on the pleadings, thus holding it to be defective. This court is committed to the doctrine that in this situation the first error of the trial court will be corrected upon the appeal. Hence the judgment must be reversed, with direction that the demurrer to the petition as amended be sustained. See Franklin Fire Ins. Co. v. Cook, 216 Ky. 15, 287 S. W. 553; Mast, Crowell & Kirkpatrick v. Lehman, 100 Ky. 464, 38 S. W. 1056, 18 Ky. Law Rep. 949;

Louisville Ry. Co. v. Hibbitt, 139 Ky. 43, 129 S. W. 319, 139 Am. St. Rep. 464; Conn. Fire Ins. Co. v. Moore, 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914B, 1106; L. & N. R. Co. v. Johnson, 168 Ky. 351, 182 S. W. 214, L. R. A. 1916D, 514; Sheffield-King Milling Co. v. Sorg, 180 Ky. 539, 203 S. W. 300; Baskett and Held v. Coombs, 198 Ky. 17, 247 S. W. 1118; Lancaster Electric Light Co. v. Taylor, 168 Ky. 179, 181 S. W. 967, Ann Cas. 1918C, 591.

The judgment will therefore be reversed for a new trial and other proceedings consistent herewith; and the parties may be permitted to amend their pleadings, if they so desire. Appellant, at the May term, 1927, moved the court to strike from the order entered at the April term extending the time for filing bill of exceptions that portion of it reading "to which plaintiff objected and excepted." The court overruled the motion, and appellant has appealed from that order or judgment. Whether an appeal would lie from such an order we need not determine. The judgment appealed from has been reversed in the appeal on the merits. This question now is immaterial, and the appeal on this question will be dismissed as moot.