## Brannon v. Scott.

Nov. 18, 1941.

Elwood Rosenbaum for appellant.

W. Duncan Hamilton for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER,. —Reversing.

Appellee, A. B. Scott, brought this action against appellant, Paul Brannon, to recover damages alleged to have been sustained by reason of defendant's negligence in the operation of his automobile. In the answer defendant pleaded contributory negligence which was not denied by plaintiff in his reply. Upon the trial a verdict in the amount of $200 was awarded plaintiff whereupon defendant moved the court for judgment non obstante veredicto in accordance with the provisions of Section 386, Civil Code of Practice, which recites:

"Judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him."

The date of the trial does not appear in the record but on the 24th day of May, 1940, the trial judge entered a nunc pro tunc order, overruled defendant's motion for judgment notwithstanding the verdict, and entered judgment on the verdict of the jury. The nunc pro tunc order reads:

"On motion of the plaintiff, A. B. Scott, by his attorney, and it appearing to the court that a reply

was filed by plaintiff on May 13, 1940, in the above styled action, but by some oversight an agreed order that all affirmative allegations contained in the record in said case, be controverted of record was not entered or noted of record, and it is now ordered that said order controverting of record all affirmative allegations of record be treated as filed as of May 13, 1940.''

Defendant has prayed an appeal, asking this court to reverse the judgment because of errors of the trial judge in entering the nunc pro tunc order and in overruling defendant's motion for a judgment in his favor.

From the earliest times courts have possessed and exercised the power of making entries nunc pro tunc, where the entry, though formally pronounced, had from accident or negligence been omitted from formal recordation. Freeman on Judgments, vol. 1, 5th Ed., Sections 121, 122, pp. 220, 222, inclusive. Such power is inherent in the courts and is not dependent on statutory authority. Chester v. Graves, 159 Ky. 244, 166 S. W. 998, Ann. Cas. 1915D, 678; Mitchell v. Overman, 103 U. S. 62, 26 L. Ed. 369. But, where there is no record evidence showing that all steps necessary to have the erroneous or omitted order entered were duly made, the court cannot alter, correct, or amend its record from its own recollection or from representations of others to it. There must be at least a minute or memorandum in the court record evidencing the decision rendered to justify entering the order at a later time. Chester v. Graves, supra; Boyd County v. Ross, 95 Ky. 167, 25 S. W. 8, 15 Ky. Law Rep. 520, 44 Am. St. Rep. 210; Montgomery v. Viers, 130 Ky. 694, 114 S. W. 251; Hoffman v. Shuey, 223 Ky. 70, 2 S. W. (2d) 1049, 58 A. L. R. 842; Lancaster Electric Light Co. v. Taylor, 168 Ky. 179, 181 S. W. 967, 969, Ann. Cas. 1918C, 591; Ralls v. Sharp's Adm'r, 140 Ky. 744, 131 S. W. 998. This rule should be especially observed where, as here, the entry is not a decision of the court but appears only to be an agreement of the parties. The nunc pro tunc order in this case shows on its face that no minute or memorandum of its pronouncement was noted in the record, therefore, the court was without authority to cause it to be entered. Purging the record of the erroneous order, the plea of contributory negligence stands undenied. Under such circumstances we have consistently held since the ruling in

the case of Louisville & N. R. Co. v. Copas, 95 Ky. 460, 26 S. W. 179, that such a plea must be taken as true and a motion for a peremptory instruction, if made, should be sustained on that ground, even though evidence be introduced on the question and the jury be instructed on that issue. City of Pineville v. Asher, 287 Ky. 503, 154 S. W. (2d) 545; Short v. Robinson, 280 Ky. 707, 134 S. W. (2d) 594, 596. But, where a peremptory instruction is not requested and the jury returns a verdict for the party in default, the provisions of Section 386 of the Civil Code of Practice apply. Louisville & N. R. Co. v. Johnson, 168 Ky. 351, 182 S. W. 214, 216, L. R. A. 1916D, 514. Since in this case the defendant did not move for a peremptory instruction, he was entitled to the relief sought in his motion for a judgment notwithstanding the verdict of the jury.

Wherefore the appeal is granted, the judgment reversed, and cause remanded with directions that the judgment appealed from be set aside and one be entered in favor of the defendant dismissing plaintiff's petition.