## Roe et al. v. Gentry's Ex'x.

May 12, 1942.

C. R. Luker for appellants.

William Lewis & Son for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Alsey Gentry died January 20, 1940, a resident of Laurel county, and on February 13, 1940, a paper dated September 7, 1939, was probated in the Laurel county court as her last will. In item 2 of the will the testatrix gave to her sisters $1 each. In item 3 she gave to her sister, Mary Barnett, her home place and the adjoining land for life and at Mary Barnett's death to her other sisters. She believed that she was the owner of this property, but after her death it was found that it belonged to the estate of her deceased husband. In item 4 of the will she gave all of her personal property, including cash, to Phillip Thompson, but he was to pay out of the bequest her funeral expenses and all debts and claims against her estate. In item 5 she appointed her sister, Mary Barnett, executrix of her will. The only property left by Alsey Gentry was cash in bank amounting to slightly more than $700 and about $200 worth of household goods. Phillip Thompson paid the funeral expenses and some other claims, amounting in all to $450 or more. On April 18, 1940, Celia Penticough Roe, Jennie Penticough Philpot, Lily Penticough Luker, and Margaret Penticough Ross, sisters and half sisters of Alsey Gentry, appealed to the Laurel circuit court from the order of the county court probating the paper dated September 7, 1939, as Alsey Gentry's last will. In their statement of appeal it was alleged that the paper was a forgery. This was the only ground of contest. The paper was witnessed by George W. May and Homer Thompson, a brother-in-law of Phillip Thompson. They testified that Alsey Gentry, in September, 1939, brought the paper to the home of Phillip Thompson, where they were working, and asked them to sign it as witnesses. She signed it in their presence, and then they signed it in her presence and in the presence of each other. The will was typewritten, and John McCoy testified that Alsey

Gentry came to his home on September 7, 1939, and asked him to write her will. She told him how she wanted to dispose of her property, and he wrote the will as she directed. After he had finished he handed the typewritten sheet of paper to Mrs. Gentry, and she left without signing it. He identified the paper introduced in evidence as the one he had typed. He was corroborated by his wife. Phillip Thompson had married a niece of Alsey Gentry, but it seems that they had been divorced. Phillip Thompson, however, continued on friendly terms with Mrs. Gentry, and for a great number of years had assisted her in various ways. He did her hauling and most of the work about her place, and whenever she went to town or to see her doctor, which was more or less frequent, he took her in his car. The contestants offered a few witnesses who stated, in their opinion, the signature on the paper purporting to be the will of Alsey Gentry was not her signature. None of them gave a satisfactory reason for his opinion. One for instance, a banker, gave as his reason for stating that the signature appearing on the paper was not the genuine signature of Alsey Gentry was that he knew she had not signed her name for more than four years. It was conclusively shown that she could write and had signed her name many times during that period. There was no substantial evidence contradicting the positive testimony of the two attesting witnesses who were unimpeached. At the conclusion of all the evidence, the court overruled contestees' motion to peremptorily instruct the jury to find for them. The case was submitted to the jury, and it returned a verdict for the contestants and a judgment was entered adjudging that the paper dated September 7, 1939, and admitted to probate by orders of the Laurel county court on February 13, 1940, was not the last will and testament of Alsey Gentry. Phillip Thompson filed a motion for a new trial and also a motion for a judgment non obstante veredicto. The court sustained these motions and adjudged that the paper dated September 7, 1939, and introduced in evidence was the last will and testament of Alsey Gentry, and the appeal from the order of the Laurel county court was dismissed. From that judgment, the contestants have appealed.

The court properly sustained the motion for a new trial, but erred in sustaining the motion for a judgment non obstante veredicto and entering a judgment for the appellees. The court sustained the motion for a judg-

ment notwithstanding the verdict on the theory that the evidence did not sustain the verdict. Neither the common law nor the Code permits the use of such a motion to test the sufficiency of the evidence adduced on the trial. The motion is applicable to the rights of the parties as disclosed by the pleadings only. Auto Livery Company v. Stone, 237 Ky. 686, 36 S. W. (2d) 349. Section 386 of the Civil Code of Practice provides that "judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him." In Wheeldon v. Regenhardt Construction Company, 284 Ky. 603, 145 S. W. (2d) 527, 529, it was said:

> "As a verdict was returned in behalf of plaintiff against these appellees, the trial court was warranted in sustaining a motion for judgment notwithstanding the verdict only if the pleadings were insufficient to sustain the judgment. It is well settled under our practice that a judgment non obstante veredicto must be granted upon the record and the evidence cannot be looked to in determining a motion for such judgment."

It is also the rule in this jurisdiction that a court may not, after erroneously denying a motion for a peremptory instruction, grant a motion for a judgment non obstante veredicto. Brannon v. Scott, 288 Ky. 334, 156 S. W. (2d) 164; S. K. Jones Construction Company v. Hendley, 224 Ky. 83, 5 S. W. (2d) 482; Franklin Fire Insurance Company of Philadelphia v. Cook's Adm'r, 216 Ky. 15, 287 S. W. 553; Baskett v. Coombs' Adm'r, 198 Ky. 17, 247 S. W. 1118; Connecticut Fire Insurance Company v. Moore, 154 Ky. 18, 156 S. W. 867, Ann. Cas. 1914 B, 1106. Referring to this rule in Louisville & Nashville Railroad Company v. Johnson, 168 Ky. 351, 182 S. W. 214, 216, L. R. A. 1916D, 514, this court said:

> "To hold in accordance with this rule does not say that the asking for a peremptory instruction is a waiver of the right to move for a judgment notwithstanding the verdict. The one is universally recognized as challenging the sufficiency of the evidence, while the other is a challenge directed to the sufficiency of the pleading; but, when a motion for a peremptory has been made, whether for an insufficiency of pleading or evidence, and which should have been given, but was not, a subsequent motion for a non obstante judgment, if sustained, would

place the right to a hearing by the adverse party beyond repair, and the court in furtherance of the general principle that it is preferable that cases should be disposed of on their merits, rather than upon technicalities, should in such cases as we are here dealing with reconsider his rule in denying the motion for a peremptory instruction and grant a new trial, rather than sustain the motion for a judgment notwithstanding the verdict. If the motion for a peremptory instruction had not been made in such cases, there would be no error which the trial court could correct by the granting of a new trial, and he would then be compelled to sustain the motion for a judgment notwithstanding the verdict.''

The judgment is reversed, and the cause is remanded for further proceedings consistent herewith.