MOLLICK et al. v. COLLINS et al.

Court of Appeals of Kentucky.
May 23, 1952.

Rehearing Denied Dec. 12, 1952.

as the Central Kentucky Gas Company, for a balance of $2,924 alleged to be due plaintiffs by defendants upon a trading contract entered into between the two firms. The answer as amended admits defendants owe plaintiff this sum and by way of counterclaim as amended, defendants aver plaintiffs are indebted to them under a trading contract in the sum of $3,932.70 and seek to recover from plaintiffs the difference between the two sums, or $1,008.70.

The jury returned a verdict for defendants and plaintiffs seek to reverse the judgment entered thereon because: 1. The promise defendants claimed plaintiffs made them was within the statute of frauds; 2. defendants by their conduct waived any right to apply plaintiffs' money on what is known in the record as the Ginsberg debt; 3. money plaintiffs advanced to defendants for a specific purpose cannot be used for a different purpose; 4. plaintiffs are entitled to judgment on the pleadings; 5. the court erred in admitting incompetent and prejudicial evidence over plaintiffs' objections.

The petition avers that on August 23, 1948, defendants agreed to sell plaintiffs 20 Servel kerosene refrigerators to be delivered in New York City for $5,400; that plaintiffs advanced defendants $3,000 upon the purchase price but defendants failed to deliver the refrigerators and refused to refund the $3,000 and are indebted to plaintiffs in that sum, less $76 plaintiffs owed defendants on a previous transaction.

The answer and counterclaim avers that Joseph Mollick approached defendants to enter into a contract with his firm whereby plaintiffs would furnish defendants electric refrigerators in consideration of defendants furnishing plaintiffs kerosene refrigerators; that defendants informed Mollick that Isadore Ginsberg owed them $3,932.70 on a deal for building materials and they would not enter into the refrigerator contract unless plaintiffs would agree to pay the indebtedness owing defendants by Ginsberg; that Joseph L. Mollick assured defendant Luther Collins that Ginsberg was acting jointly with plaintiffs' firm and upon the termination of the re-

---

Newlin & Silliman, E. C. Newlin, and George R. Silliman, all of Danville, for appellants.

Cabell D. Francis, Pat Rankin, Stanford, for appellees.

SIMS, Justice.

Joseph L. Mollick and Irving Mollick, partners doing business as Arista Trading Company, brought this action against J. Luther Collins, Ira E. Patterson and Ambrose G. Patterson, partners doing business

frigerator contract defendants could apply any balance in their hands owing to plaintiffs on the Ginsberg debt. The affirmative matter in this pleading was controverted of record and the court correctly placed the burden of proof on defendants.

Only two witnesses testified, J. Luther Collins for defendants and Joseph L. Mollick for plaintiffs. On practically all material points their testimony is in direct conflict. Ginsberg introduced Mollick to Collins in a three-way telephone conversation while he and Mollick were in New York and Collins was in Kentucky. Ginsberg owed defendants $3,932.70 on a previous and separate transaction. Collins testified he informed Mollick of that fact in the telephone conversation and would not enter into the refrigerator deal unless Mollick agreed to pay this debt. Ginsberg replied, while Mollick was on the wire, that he operated plaintiffs' appliance business under the name of the Arista Trading Company. Collins then told Mollick over the wire that when they ceased doing business on the refrigerator deal defendants would credit on Ginsberg's account any sum in defendants' hands owing plaintiffs. Mollick agreed to this arrangement and invited Collins to come to New York at plaintiffs' expense. Collins went to New York. Ginsberg was in the hospital but Mollick had Ginsberg reached by telephone and again they had a three-way telephone conversation wherein Mollick again agreed he would pay the debt Ginsberg owed defendants.

Mollick admitted he was introduced to Collins by Ginsberg over the telephone and the contract was made concerning the refrigerators over the wire, but denied Collins ever mentioned the Ginsberg debt or that he (Mollick) promised to pay it in consideration of defendants entering into the refrigerator deal. Furthermore, Mollick denied the telephone conversation between the three in New York while Ginsberg was in the hospital. Also, Mollick denied that Ginsberg was connected with plaintiffs' partnership. Mollick further testified that Ginsberg was a commission merchant and he paid Ginsberg a commission on these refrigerators until defendants stopped him from so doing.

■■ There are some facts and circumstances which corroborate each witness, while other facts and circumstances contradict each. Clearly, an issue of fact was made for the jury's determination under proper instructions. Plaintiffs do not complain of the instructions given, except to argue they were entitled to a directed verdict since they claim the agreement defendants plead that plaintiffs made with them to pay the Ginsberg debt was within the statute of frauds (KRS 371.010(4)) as the agreement was not in writing. This was not a collateral promise by plaintiffs to pay Ginsberg's debt, but defendants' proof shows it was a part of the consideration for the refrigerator contract between Mollick and Collins, hence it was not within the statute of frauds. Miller v. Davis, 168 Ky. 661, 182 S.W. 839; McIntosh v. Turner, 239 Ky. 495, 39 S.W.2d 966.

On August 23, 1948, plaintiffs ordered 20 refrigerators from defendants which order amounted to $5,400. Defendants requested in advance of delivery this sum from plaintiffs, who only sent $3,000 to defendants. Before defendants could send the 20 refrigerators to plaintiffs there was a truck strike in New York which delayed the shipment several weeks. In all the trading between the parties the refrigerators were transferred from Kentucky to New York by truck. There followed a series of telegrams, letters and telephone conversations between the parties which culminated in a long letter Joseph L. Mollick wrote J. L. Collins on November 19, 1948, when plaintiffs could no longer use the refrigerators, and demanded return of the $3,000. Defendants refused to return this sum and applied it on Ginsberg's debt of $3,932.70 as the refrigerator contract was terminated.

■ Plaintiffs insist that if it be admitted arguendo they agreed that any money in defendants' hands at the termination of the refrigerator deal should be applied on the Ginsberg debt, yet defendants waived their right to this money by sending plaintiffs a false wire that Collins was in Canada looking after his mines, and by allowing plaintiffs to pay Ginsberg a commission on certain other refrigerators plaintiffs purchased from defendants. But

plaintiffs pleaded no waiver, hence they are not in a position to urge a waiver here. While there is a legal distinction between estoppel and waiver as can be seen from an examination of 56 Am.Jur. "Waiver" § 3, p. 103, and Central Life Ins. Co. v. Roberts, 165 Ky. 296, 176 S.W. 1139, they are closely akin and generally waiver must be pleaded the same as estoppel. Civil Code of Practice, § 98(2); 56 Am.Jur. "Waiver", § 18, p. 118; Illinois Canning Co. v. N. Livingston & Co., 201 Ky. 756, 258.S.W. 308.

■ We will discuss together plaintiffs' third and fourth grounds for reversal; to-wit, money advanced for one purpose cannot be used for a different one, and plaintiffs were entitled to judgment on the pleadings. The bone of contention in this litigation was whether plaintiffs agreed with defendants that defendants could apply *any* money left in their hands on the termination of the refrigerator deal in payment of the Ginsberg debt. This was the sole question submitted to the jury and no complaint is made of the instructions. Nor are plaintiffs entitled to a judgment non obstante. Civil Code of Practice, § 386 provides: "Judgment shall be given for the party whom the pleadings entitle thereto, though there may have been a verdict against him." True, defendants admit they owed plaintiffs $2,924 but in their counterclaim they allege plaintiffs were indebted to them in the sum of $3,932.70, the amount of the Ginsberg debt, and asked to recover the difference between the two sums, or $1,008.70; therefore the court did not err in overruling plaintiffs' motion for a judgment non obstante. Brannon v. Scott, 288 Ky. 334, 156 S.W.2d 164; Roe v. Gentry's Ex'x, 290 Ky. 598, 162 S.W.2d 208.

■ The alleged incompetent testimony of which plaintiffs complain is so clearly competent that we will not take the time and space to quote and discuss it. It will suffice to say that such testimony relates to what Ginsberg said to Collins in Mollick's hearing as to Ginsberg's connection with Mollick's firm. It cannot be doubted that such evidence is competent.

The judgment is affirmed.